(Nos. 37818-38499.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MacKINLEY JONES *et al.,* Plaintiffs in Error.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

MARSHALL PATNER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is a writ of error to the circuit court of Cook County where defendants in a jury trial were convicted of armed robbery and assault with intent to kill. Defendant Pittman was sentenced to serve 30 to 40 years in the penitentiary and defendant Jones, 20 to 30 years. It is principally contended by defendants herein that they were denied their statutory and constitutional rights to a "speedy trial" and are thus entitled to a discharge. Ill. Const., art. II, sec. 9; Ill. Rev. Stat. 1961, chap. 38, par. 748.

On June 3, 1961, defendants were arrested in connection with a number of crimes, not related to those herein, and taken to the police station. They were interrogated intermittently for the next few days and were ultimately taken to the Cook County jail and there incarcerated. On June 10, 1961, the complaining witnesses upon seeing defendants' pictures in the *Chicago Defender* newspaper, came to the

police station and signed "complaints" against defendants concerning the armed robbery of John's Tavern, with which we are concerned.

On June 23, 1961, defendants were indicted for other alleged crimes unrelated to this indictment. These causes were from time to time continued on application of defendants until February 3, 1962, when defendants were adjudged guilty of murder. While an ultimately successful motion for new trial was pending as to the murder conviction (when the new trial was granted, the State *nolle prossed* the indictments), the instant armed robbery and assault-to-kill indictment was returned on February 9, 1962. On February 28, 1962, defendants moved for a discharge as to this indictment, contending that they had not been brought to trial within the required 4 months of the date of commitment, (Ill. Rev. Stat. 1961, chap. 38, par. 748.) as the authorities had knowledge of their alleged complicity in this crime as of June 10, 1961, the date when the "complaint" was filed. The motion for discharge was denied, and the defendants were convicted as charged in the indictment, giving rise to this writ of error.

Section 18 of division XIII of the old Criminal Code (Ill. Rev. Stat. 1961, chap. 38, par. 748) provided in pertinent part (now repealed) :

"Any person *committed* for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner  *  *  *." (Emphasis ours).

Defendants argue that the date of commitment herein must be regarded as June 3, 1961, (the date of original arrest) or, in any event, no later than June 10, 1961, (the date of the "complaints" allegedly giving rise to the instant indictment). Since it is undisputed that defendants have

been held continuously since June 3, 1961, and were never admitted to bail, they contend the provisions of section 18 require their discharge.

The State argues, however, that the above statute is not applicable and that if defendants are to be discharged, they must bring themselves within the letter of section 1 of the act to bar certain actions for want of prosecution, (Ill. Rev. Stat. 1961, chap. 38, par. 633.1.), which provides that if a person is serving a sentence under a prior conviction, all other charges pending against him in that county must be brought to trial within 4 months of the commencement of sentence pursuant to the prior conviction. (See *People* v. *Swartz,* 21 Ill.2d 277; *People* v. *Ross,* 13 Ill.2d 11, 13). According to the State, then, the date determining the commencement of the four-month limitation period would be February 3, 1962, the date of the prior conviction. Since this cause was set for trial on February 28, 1962, (it was continued to a later date, but upon application of defendants) the rule, under this argument, is satisfied.

In our judgment the factual situation disclosed by this record does not establish a right to discharge. Section 18 requires a trial within 4 months of *commitment,* and a thorough search of this record reveals no proof that commitment ever occurred prior to indictment in connection with the charges upon which the judgment is predicated. While we have held the term "commitment" sufficiently broad to embrace arrest and incarceration without a warrant, (*People* v. *Emblem,* 362 Ill. 142,) such imprisonment must be in connection with the subsequently prosecuted charges. Admittedly defendants were arrested on June 3, 1961, and imprisoned continuously thereafter, but this imprisonment was, so far as is established by this record, solely in connection with a number of completely unrelated offenses. While there is testimony that "complaints" were signed at the police station on June 10th relating to the charges herein, we cannot determine whether they were actually formal

complaints or merely statements given the police. Assuming that formal complaints were signed, the record is devoid of any showing as to the issuance of a warrant, a preliminary hearing, issuance of a *mittimus* or any action relating to such charges until the indictment was returned in February, 1962, following the murder conviction in which a motion for new trial was pending. Without proof of prior incarceration on the charges contained in the indictment here, we cannot say that defendants were "committed" on such charges on June 10th or any other date prior to return of the indictment.

It is well settled that it is incumbent upon the defendant to show, in an application for discharge, that he was committed, gave no bail, and was not tried within 4 months thereafter, and that delay of trial did not happen on his application. Further, the record must affirmatively establish these facts. (*People* v. *Tamborski,* 415 Ill. 466, and cases there cited.) Here, it is not shown, nor can it be determined by a thorough search of the record, that defendants were ever committed pursuant to *these charges* until February 9, 1962, the date of the indictment. The cause was set for trial promptly thereafter, and subsequent delay was at defendant's request.

Defendants rely upon *Guthmann* v. *People,* 203 Ill. 260, but *Guthmann* related only to the question as to whether the 4-month period commenced to run upon the issuance of a *mittimus* by a magistrate at the conclusion of a preliminary hearing or at the time of return of a subsequent indictment *on the same charge* for which the *mittimus* issued. This court's application of the statute to the date of issuance of the *mittimus* was clearly correct, but it does not assist defendants where there is no showing that defendants were ever, prior to the February 9, 1962, indictment, imprisoned on the charges now questioned.

Also cited by defendants is *People* v. *Emblen,* 362 Ill. 142, where arrest and incarceration occurred for "in-

vestigation" of charges forming the basis of an indictment some seven months later. This court again correctly applied the four-month rule to bar prosecution even though no warrant or other process had issued, but the record clearly established and the court there found that the initial arrest and incarceration occurred on the same charge involved in the subsequent prosecution. This is precisely the element which is lacking here.

Actually, the essence of defendants' contention is that since information was admittedly given the police on June 10th as to the crimes here prosecuted, such knowledge must be imputed to the State's Attorney and that this is sufficient, since defendants were already in jail, to bring them within section 18. But this is not what the statute says, nor would we be warranted in so extending its application in view of its plain language and our prior construction.

We therefore hold the trial court properly denied the motion for discharge.

Defendants next argue that certain conduct of the trial court and the State's Attorney so prejudiced the jury as to require a new trial. The State's Attorney had in court a copy of the *Chicago Defender* newspaper, in which the defendants were pictured and which contained allegedly prejudicial material, such as the heading "Nab two more". The reason for the paper's presence was the intent of the prosecution to introduce the picture into evidence. However, it is not established that the newspaper was seen by the jury, and after defense counsel objected, the picture was cut out and the remainder of the newspaper concealed. Defense counsel asked for a hearing as to the above matter outside the presence of the jury, which request was denied and which it is now contended forced him to argue this matter before the jury or to waive any error in connection therewith. It is urged that this required a mistrial. However, there is no showing as to the manner in which defendants were prejudiced by the judge's action, and where such is the

case, it must be presumed that the judge conducted the trial in a fair and proper manner.

Defendants did not testify and now contend their privilege against self-incrimination was violated when the State in closing argument pointed out that it was uncontradicted and undenied that a robbery occurred. This comment does not relate to the privilege and was not improper. *People* v. *Norman*, 28 Ill.2d 77, 81.

Other contentions of defendants are of little merit, and, in any event, where the weight of the evidence is not challenged and alleged errors are of such a minor character that prejudice is not their probable result, the verdict will not be disturbed. See *People* v. *Stahl*, 26 Ill.2d 403; *People* v. *Berry*, 18 Ill.2d 453.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*