The People of the State of Illinois, Plaintiff-Appellee, *v.* James Allen (Impleaded), Defendant-Appellant.

(No. 56021; )

First District—September 19, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Saul H. Brauner, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

An indictment was returned charging the defendant and another person with four counts of felony murder, one count of attempt murder, one count of attempt armed robbery, three counts of aggravated battery, and one count of conspiracy. Defendant was found guilty by a jury of attempt murder, attempt armed robbery, conspiracy, and one count of aggravated battery; he was found not guilty of the balance of the offenses charged in the indictment. Defendant was sentenced to a term of ten years to fourteen years in the penitentiary on the attempt armed robbery

conviction, and sentencing was deferred on the other three verdicts returned by the jury; the sentence imposed on the verdict of attempt armed robbery was made to run concurrently with a sentence imposed upon another, unrelated conviction for intimidation.

On appeal from the judgment entered upon the verdict of guilty of attempt armed robbery defendant's sole contention is that his motion for discharge filed pursuant to the four term act was improperly denied. See Ill. Rev. Stat. 1967, Chap. 38, Par. 103—5.

On October 31, 1968, defendant was charged in an indictment with the offense of intimidation, with which subsequent conviction of intimidation the instant sentence was made to run concurrently. On January 22, 1969, the defendant answered ready for trial as to the intimidation indictment and trial of the matter was twice continued by agreement between the parties to January 27, 1969.

In the meanwhile, defendant was placed under arrest on January 24, 1969, for the offenses charged in the instant indictment, which offenses occurred on that date and for which he was indicted on March 27, 1969.

On January 27, 1969, trial of the intimidation matter was set for February 3, 1969, and on the latter date trial was continued to March 4, 1969, on motion of the defendant. On April 29, 1969, trial of the intimidation matter was, on motion of the defendant, continued to May 7, 1969, and on May 16, 1969, defendant was found guilty of intimidation as charged in that indictment.

On August 29, 1969, after six continuances (none of which was attributable to the defendant), the People moved for a sixty-day extension of time for trial of the charges in the instant indictment on the ground that one of the People's key witnesses was unavailable for trial for medical reasons. The motion was allowed on September 8, 1969, extending the term for trial under the instant indictment to and including November 10, 1969.

On October 14, 1969, defendant filed a motion for discharge on the instant indictment under the four term act, which motion was denied. Trial was had, and on October 24, 1969, the jury returned their several verdicts as set out above.

It is clear from the chronology of the actions taken with regard to the two indictments involved that the defendant was not entitled to discharge on the instant indictment under the provisions of the four term act.

When the defendant was arrested for the offenses charged in the instant indictment he was also under indictment for the offense of intimidation. At the time of the defendant's arrest in this matter, Section 103—5(e) of the Code of Criminal Procedure provided, *inter alia,* that where

an accused is simultaneously in custody upon more than one charge pending against him, he must be tried on at least one of the pending charges before the expiration of the time under the four term act relative to any of the pending charges, and in the event that he is so tried, the statute further provides that he is thereafter to be tried upon the remaining charges pending within 120 days of the date of the judgment rendered upon the first prosecution; the statute further provides that the People, upon proper grounds, may cause the term to be extended an additional 60 days. Ill. Rev. Stat. 1967, Chap. 38, Par. 103—5(e).

■■ In the instant case, the defendant was tried within 120 days of his incarceration, plus delays occasioned by his own actions, under the indictment for intimidation. Within 120 days after that judgment was entered, the People moved for a sixty-day extension of time, pursuant to statute, on the ground that one of the People's witnesses was unavailable for trial due to medical reasons. The period of time under the four term act within which the People were required to bring the defendant to trial on the instant indictment, was therefore extended to and including November 10, 1969. The defendant was tried within such extended term and consequently his motion for discharge was properly denied by the trial court.

■■ The defendant has also challenged the basis upon which the People's motion for the sixty-day extension was predicated, arguing that the "key witness" referred to in the motion was in reality not of such character inasmuch as the People had several other witnesses with like qualifications. This matter has neither been abstracted nor briefed on appeal, but has been raised for the first time during oral argument in this Court. The record further does not support the defendant's position in this regard, which would be necessary to bring this matter within the plain error rule. See Supreme Court Rules 612(j), 341(e), 615(a). See also *People v. Arndt,* 50 Ill.2d 390, 280 N.E.2d 230.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.