THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN HENRY WILSON, a/k/a JOHNNY SCOTT, Defendant-Appellee.

(No. 73-11;

Fifth District—May 13, 1974.

Robert H. Rice, State's Attorney, of Belleville (James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of counsel), for the People.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Mr. JUSTICE CREBS delivered the opinion of the court:

On June 23, 1971, the defendant was indicted for burglary in St. Clair County. He was released on bond, but, after he failed to appear for trial on September 13, 1971, the bond was forfeited. The bond was reinstated, however, on September 20, 1971.

On February 11, 1972, the defendant was arrested in St. Clair County and was held without bond on charges of murder and armed robbery. He was indicted for those offenses on April 19, 1972. On May 12, 1972, the defendant filed a motion to suppress certain identification testimony in the murder and armed robbery case. This motion was never set for hearing and was never passed upon by the court.

On May 17, 1972, a jury found the defendant guilty of burglary, and on August 2, 1972, he was sentenced to serve 3 to 10 years in the penitentiary for that offense.

On June 20, 1972, the defendant filed a motion for discharge on the murder and armed robbery indictment alleging that the State had failed to comply with the speedy trial requirement of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. ch. 38, sec. 103—5). After a hearing was held, the circuit court granted the motion, and the State appeals from that order.

The defendant relies upon section 103—5(a) of the Code (Ill. Rev. Stat. ch. 38, sec. 103—5(a)) which provides that:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

The defendant asserts that, since he was not brought to trial for the offense of murder and armed robbery within 120 days of February 11, 1972, the circuit courts' discharge must be affirmed.

The State relies upon section 103—5(e) of the Code (Ill. Rev. Stat. ch. 38, sec. 103—5(e)), which provides:

"If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section. Such person shall be tried on all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered * * *."

The defendant asserts that, since he was on bond for the burglary

charge even after he was arrested and incarcerated for the murder and armed robbery charges, he was not "simultaneously in custody" on all of the charges, and section 103—5(e) is not applicable. We do not agree.

In *People v. Allen,* 7 Ill.App.3d 875, 289 N.E.2d 21, the defendant had been indicted for the offense of intimidation on October 31, 1968. While it is not specifically stated in the opinion, it appears that the defendant was not incarcerated at that time. On January 24, 1969, the defendant was arrested for the offense of armed robbery and several other offenses, and he was indicted for those charges on January 27, 1969. Several delays occasioned by the defendant deferred the trial on the intimidation charge until May, 1969, but the defendant was found guilty of that offense on May 16, 1969. On August 29, the State requested a 60-day extension of time, and on September 8, 1969, the court granted that request. Ill. Rev. Stat. 1967, ch. 38, sec. 103—5(e), which is substantially identical to the current section 103—5(e), provided for such an extension of time. On October 14, 1969, the defendant filed a motion for discharge on the armed robbery indictment on the ground that he had not been brought to trial within 120 days of his incarceration. The motion was denied, and the defendant was subsequently convicted of armed robbery. The appellate court, holding that the defendant had been "simultaneously in custody upon more than one charge," determined that subsection (e) was applicable, and the conviction was affirmed.

■■ Section 103—5(e) was intended to preserve a defendant's right to a speedy trial and at the same time to mitigate the State's burden of preparing more than one charge for trial against a single incarcerated defendant. It would be unreasonable in many instances to expect the State to be prepared for trials on more than one charge against one defendant in only 120 days. We believe that this protection was intended to be afforded the State in all cases in which the defendant is in custody and in which more than one charge is pending. The fact that the defendant is technically on bond for one of the charges should not defeat the purpose of the statute. Based upon that rationale and upon *People v. Allen,* we hold that, when a defendant is simultaneously charged with more than one offense and when he is in custody, he is "simultaneously in custody upon more than one charge" within the meaning of subsection (e).

Because section 103—5(e) was applicable in the instant case, the State had 160 days from the date of judgment rendering the defendant guilty of burglary in which to try the defendant for the other charges. The circuit court erred, therefore, in granting the defendant's motion for a discharge before the 160-day period had run.

Even if we were to hold that section 103—5(e) did not apply in the

instant case, however, the circuit court's order requires reversal. If subsection (e.) was not applicable, section 103—5(a) would be the relevant provision. As previously mentioned, that section requires that an incarcerated defendant be tried within 120 days from the date he is taken into custody unless the defendant himself causes the delay. It is well settled that a defendant's right to a speedy trial is not violated if the delay is the result of motions filed by the defendant. (*People v. Edwards,* 55 Ill.2d 25, 302 N.E.2d 306.) Where an accused in any manner causes delay in trial by his own action, the 120-day period is tolled and begins to run anew from the date the delay occurred. *People v. Hamby,* 27 Ill. 2d 493, 190 N.E.2d 289; *People v. Taylor,* 123 Ill.App.2d 430, 258 N.E.2d 823.

■■ In the instant case, the defendant filed a motion to suppress identification testimony on May 12, 1972. That motion alleged that the defendant was arrested without a warrant and without probable cause, that the identification of the defendant by a witness was induced by the police and that the defendant was not advised of his right to have counsel present at the time of the "police confrontation." The disposition of the motion clearly would have required the holding of an evidentiary hearing and resulted in some delay—a delay occasioned by the defendant. It has been held that a defendant's motion to suppress identification does toll the running of the 120-day statute. *People v. McDonald,* 4 Ill.App.3d 62, 278 N.E.2d 91; *People v. Schoeneck,* 1 Ill.App.3d 395, 274 N.E.2d 483.

The defendant maintains that no actual delay was occasioned because a hearing was never held on the motion. That argument lacks merit. In *People v. Ross,* 132 Ill.App.2d 1095, 271 N.E.2d 100, the defendant, while free on bond, filed a pre-trial discovery motion and a motion to suppress evidence. Neither the defendant or the State requested a hearing on the motions, however, and no action was taken in the case until the chief judge set the case for trial on his own motion 6 months after the motions had been filed. The defendant then moved for a discharge because his right to a speedy trial had been denied, and the motion was granted. The appellate court reversed the circuit court and held that the burden was upon the defendant to request a hearing on his motions. The appellate court reasoned that the defendant knew that a disposition of his motions would necessitate some delay and that the defendant's quiescence amounted to an acquiescence in the delay.

■■ In the instant case we hold that when the defendant filed his motion on May 12, 1972, he knew or should have known that some delay would result. The defendant's election to file the motion, therefore, constituted acquiescence in at least a short delay. Since he did not pur-

sue his motion he was not in a position to complain when, as here, the total time elapsed from the time of his arrest to the date of filing the motion for discharge was 130 days. We hold, therefore, that the Circuit Court of St. Clair County erred in granting the motion to discharge.

For the foregoing reasons the order of the Circuit Court of St. Clair County discharging the defendant is reversed.

Order reversed.

EBERSPACHER and CARTER, JJ., concur.