THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RONNIE COOPER (Impleaded), Defendant-Appellee.

First District (4th Division)    No. 77-885

Opinion filed December 22, 1977.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and Mary Ellen Cagney, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Ronnie Cooper, defendant, was charged by indictment with armed robbery, attempt murder, and multiple counts of aggravated battery. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4, 9—1, 12—4, 12—4(b)(1), 18—2.) Pursuant to his pretrial motion, defendant was discharged from custody on these offenses on the ground he was not brought to trial within 120 days from the date of his arrest and incarceration thereon. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).) The State appeals from the order of discharge. Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

■■ The State claims that the defendant had been "simultaneously in custody" on the instant charges and on an unrelated charge, requiring application of section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(e)) to the instant motion for discharge, rather than section 103—5(a), as applied by the trial court. The defendant has filed no appearance or brief as appellee. However, the record is uncomplicated and the issue presented is not complex. We have determined to dispose of this matter on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

The record discloses that defendant was arrested for the instant offenses on December 17, 1975. Prior to that date, in November 1975, he had been released on bond in connection with a theft charge in a suburban courtroom. When the theft matter was called on January 14, 1976, in that court, defendant's counsel advised the trial court that defendant was in custody at the county jail on the instant charges. While the record does not disclose whether bond set on the theft charge was

forfeited at that time, a writ was apparently issued for defendant's appearance in the suburban courtroom in connection with the theft charge; the record does not show, however, who was responsible for issuance of the writ. It also appears that defendant, on January 20, 1976, pleaded guilty to the theft charge and was sentenced to "a year" in the county jail.

Defendant remained in custody until the filing of the instant motion for discharge on June 4, 1976. At the hearing on the motion, he claimed he had been in custody on the instant charges for a period in excess of 120 days, in violation of his right to a speedy trial under section 103—5(a) of the Code of Criminal Procedure. The State claimed that defendant's arrest and custody on the theft charge on which he had theretofore been on bond, and that such "simultaneous custody" brought the circumstances within section 103—5(e) of the Code, permitting the State 160 days within which to try defendant on the instant charges after his plea of guilty and sentence on the theft charge on January 20, 1976. In support of its position that custody on the instant charges constituted custody on the theft charge as well, the State relied upon *People v. Wilson* (1974), 19 Ill. App. 3d 466, 311 N.E.2d 759. The trial court noted that the instant case involved a plea of guilty to the charge on which defendant was on bond, found that *Wilson* was not applicable to the instant circumstances, and allowed defendant's motion for discharge.

Section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(e)) provides in pertinent part that where a person is "simultaneously in custody" or where he "simultaneously demands trial" on more than one charge pending against him in the same county, he shall be tried or adjudged guilty upon at least one such charge before expiration of the appropriate 120-day or 160-day limitation period applicable to any of the pending charges as otherwise provided; and that such person shall be tried on all of the remaining charges within 160 days from the date judgment is entered upon the first charge thus prosecuted. Unless section 103—5(e) is applicable to the instant circumstances, section 103—5(a) would govern, and defendant was properly discharged because he was not brought to trial within 120 days from the date of his arrest thereon.

In *People v. Wilson* (1974), 19 Ill. App. 3d 466, 311 N.E.2d 759, exclusively relied upon by the State both at the hearing on defendant's discharge motion and on this appeal, the defendant was arrested for burglary and released on bond. He was later arrested on charges of armed robbery and murder, which were the subject of the motion for discharge in that case, and was thereafter held in custody. Defendant was subsequently found guilty by a jury of the burglary, after which he filed the motion for discharge from the subject charges on the ground he was

not brought to trial on those charges within 120 days from his arrest and incarceration. In overturning the trial court's order discharging defendant from custody, the court on review stated that the defendant was "simultaneously in custody" under the subject charges and the charge on which he was on bond. The court noted that the purpose of section 103—5(e) of the Code of Criminal Procedure was to preserve a defendant's right to a speedy trial while at the same time mitigating the State's burden of preparing for more than one trial against a single defendant within a single limitation period. The reviewing court also remarked that defendant's status as "technically on bond" on one of the charges could not defeat the purpose of the statute.

We note that the case relied upon in *Wilson* failed to disclose the custody status on the first of the two unrelated charges, prompting the *Wilson* court to presume a noncustody situation as a basis for application of that case to the facts involved. See *People v. Allen* (1972), 7 Ill. App. 3d 875, 289 N.E.2d 21.

We find the *Wilson* case distinguishable from the instant circumstances. There, defendant was in fact brought to trial on the burglary charge, which, apart from the reviewing court's characterization as being "technically on bond," would indicate that the State had taken some action to prepare for trial or to revoke defendant's bond. The criteria set forth in *Wilson* was therefore satisfied. Defendant obviously demanded trial, and the State was required to prepare therefor. Here, conversely, the record fails to disclose any action having been taken by the State to prepare for trial on the theft charge or to revoke defendant's bond relative thereto (see, *e.g.*, Ill. Rev. Stat. 1975, ch. 38, pars. 110—6(b), 110—10(a)(4)), nor does it appear that defendant demanded trial on that charge. And, his plea of guilty to the theft charge is at best equivocal relative to the question of whether he demanded trial thereon or whether the State moved to revoke his bond. Moreover, nothing in the instant record would support a conclusion that defendant had in some manner been placed "in custody" on the theft charge subsequent to his custody on the instant charges such as to have constituted "simultaneous custody" within the terms of section 103—5(e) of the Code of Criminal Procedure. See *People v. Jones* (1965), 33 Ill. 2d 357, 211 N.E.2d 261.

■■ *People v. Wilson* (1974), 19 Ill. App. 3d 466, 311 N.E.2d 759, is not applicable to the present case. We find nothing in the instant record which would indicate that defendant was ever in custody on the theft charge, so as to constitute a "simultaneous custody" with the instant charges for application of section 103—5(e). While he was required by writ to appear at the suburban hearing on January 20, 1976, the record does not indicate whether the writ issued at the instance of the State or the defendant, or on the court's own motion. We conclude that the trial court correctly found

that defendant was not simultaneously in custody on the instant charges and the suburban theft charge as to require application of section 103—5(e) of the Code of Criminal Procedure. Defendant was properly discharged from custody on the instant charges for failure of the State to try him thereon within 120 days from the date of his arrest and the custody resulting therefrom. Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).

For the foregoing reasons, the order of the circuit court of Cook County discharging defendant from custody on the instant charges is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.