(No. 44374.—

THE PEOPLE *ex rel.* RICHARD A. HOLLIS, State's Attorney, Petitioner, v. WILLIAM H. CHAMBERLAIN, Chief Judge, *et al.*, Defendants.

*Opinion filed September 30, 1971.*

RICHARD A. HOLLIS, State's Attorney, of Springfield, petitioner.

WILLIAM J. SCOTT, Attorney General, of Springfield, (JOEL M. FLAUM, First Assistant Attorney General, of Chicago; ROBERT S. ADKINS, EDWIN C. THOMAS, ROBERT F. COLEMAN, HARVEY M. SHELDON, and ANTHONY B. LAMBERIS, Assistant Attorneys General, all of Chicago, of counsel,) for respondents.

PAUL H. LaRUE, of Chicago, for The Chicago Bar Association, *amicus curiae.*

DON H. RUEBEN, LAWRENCE GUNNELLS, THOMAS A. GOTTASHALK, and JAMES C. MUNSON, all of Chicago, (KIRKLAND, ELLIS, HODSON, CHAFFETZ, and MASTERS, of counsel) for J. W. Peterson Coal and Oil Co.

MR. JUSTICE WARD delivered the opinion of the court:

Under our Rule 381 (Ill.Rev.Stat. 1969, ch. 110A, par. 381) we have allowed the motion of the petitioner, Richard A. Hollis, State's Attorney, Sangamon County, for leave to file an original petition for writ of *mandamus.* The petition requests that certain orders entered by one of the respondents, William H. Chamberlain, Chief Judge, Seventh Judicial Circuit of Illinois, be expunged on the ground that the judge was without authority to enter the orders.

The record shows that on April 28, 1971, the Attorney General of Illinois, who also is named as a respondent, presented a petition in the circuit court of Sangamon County requesting that pursuant to the Jurors Act (Ill. Rev.Stat. 1969, ch. 78, par. 19) a special grand jury be impaneled to investigate conduct believed by him to be in violation of the Illinois Antitrust Act. (Ill.Rev. Stat. 1969, ch. 38, pars. 60 *et seq.)* The Attorney General's petition declared his belief that "a conspiracy or conspiracies exist and have existed which relate to the solicitation, preparation and submittal of bids proposed by contractors in connection with proposed construction of public and/or private building projects in Sangamon and other Illinois counties and which constitutes violations of Section 3(1) and Section (4) of the Illinois Antitrust Act." The order entered by the respondent judge on April 28, 1971, stated "that public justice requires that such

[special] Grand Jury be convened for the purpose described in the Attorney General's Petition, \*\*\*" and the order directed that a special venire issue for a grand jury, "which Grand Jury shall be made available to the Attorney General of the State of Illinois, in connection with investigation of the matter described in the Attorney General's Petition and to return such indictments as warranted by the evidence." At the time of the entry of this order a regular grand jury had previously been impaneled and was sitting in Sangamon County.

The petitioner's motion in the circuit court of Sangamon County to vacate the order of April 28 was denied on May 19, 1971, after a hearing. The petitioner argues that the orders of April 28 and May 19 should be expunged because they were unauthorized by law, since a regularly impaneled grand jury was already sitting in Sangamon County. Hence, the order convening the special grand jury, it is said, was void. This argument is founded on language appearing in the Code of Criminal Procedure which provides that in counties with a population of less than 1,000,000 "no more than one Grand Jury shall sit at the same time." (Ill.Rev.Stat. 1969, ch. 38, par. 112—3(b).) Another argument advanced for expunction is that the Attorney General is not a "proper person" to appear before a grand jury.

The Jurors Act, as it relates to special grand juries, provides: "The judge of any court of competent jurisdiction may order a special venire to be issued for a grand jury at any time when he shall be of opinion that public justice requires it." (Ill.Rev.Stat. 1969, ch. 78, par. 19.) From this the Attorney General says it is clear that the limitation on the number of grand juries which may sit at the same time (Ill.Rev.Stat. 1969, ch. 38, par. 112—3(b)) is inapplicable to a special grand jury which has been convened under the Jurors Act.

This court has held that a special grand jury may properly be impaneled while the regular grand jury is in

session. In *People ex rel. Ferrill v. Graydon, 333 Ill. 429,* it was determined that it is within the power of the legislature to determine the time, circumstances and in what manner a grand jury may be summoned. This court said that accordingly the enactment of a statute, *(i.e.,* section 19 of the Jurors Act) authorizing a court to order a special venire at any time the judge was of the opinion that it was required by public justice was a valid exercise of legislative power. We consider that the authority of *Graydon* controls the question here. It is true that the statutory limitation which is pleaded by the petitioner, *viz.,* section 112—3(b) of the Code of Criminal Procedure, was not enacted until 1963, but at the time *Graydon* was decided Illinois was adhering to the common-law rule which in general prohibited the impaneling of a grand jury when another grand jury was sitting. *(People v. Brautigan, 310 Ill. 472.)* Thus, when *Graydon* was announced there was a limitation under the common law on grand juries, which was basicly the same as the statute (ch. 38, par. 112—3(b)) today imposes in counties with less than 1,000,000 in population. We consider the authority of *Graydon* intact and that it is clear that the statutory limitation on the number of grand juries that may sit at the same time applies to regular grand juries and has no application to special grand juries. The Jurors Act (Ill.Rev. Stat. 1969, ch. 78, par. 19) authorizes the issue of a special venire at any time the judge shall be of the opinion that public justice requires it, and, as it was put in *Graydon, (333 Ill.2d at 436)* "we have no right to impose any further limitation on the exercise of the power."

Another contention of the petitioner is that the orders entered by the respondent judge were unauthorized by law because the Attorney General is not a proper person to appear before a grand jury. It is contended that only a State's Attorney has the right to appear and present evidence to a grand jury and that the Attorney General is

authorized simply to assist a State's Attorney in a prosecution.

The General Assembly has provided that the responsibilities of the Attorney General with respect to criminal prosecutions shall be: "To consult with and advise the several state's attorneys in matters relating to the duties of their office; and when, in his judgment, the interest of the People of the State requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution." (Ill.Rev.Stat. 1969, ch. 14, par. 4(4).) A State's Attorney, however, is given a specific authority to appear before a grand jury. (See *People v. Munson, 319 Ill. 596.*) Included in the statutory duties of a State's Attorney is the responsibility: "To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the state or county may be concerned." Ill.Rev.Stat. 1969, ch. 14, par. 5.

However, we consider that the Antitrust Act of Illinois (Ill.Rev.Stat. 1969, ch. 38, par. 60—1 *et seq.*) which was enacted in 1967 authorizes the Attorney General to appear before a grand jury in connection with investigations of suspected criminal violations of the Act. Section 6 (par. 60—6(1)) of the Act provides: "The Attorney General, with such assistance as he may from time to time require of the State's Attorneys in the several counties shall investigate suspected criminal violations of this Act and shall commence and try all prosecutions under this Act. Prosecutions under this Act may be commenced by complaint, information, or indictments. With respect to the commencement and trial of such prosecutions, the Attorney General shall have all of the powers and duties vested by law in State's Attorneys with respect to criminal prosecutions generally." (Ill.Rev.Stat. 1969, ch. 38, par. 60—6(1).) The Committee Comments to the Act state: "To facilitate criminal enforcement, Section

6(1) gives the Attorney General all the powers and duties vested by law in State's Attorneys with respect to criminal prosecutions generally. This would include the power to convene grand juries ***." (Smith-Hurd Annot.Stats. 1970 Supplement, ch. 38, par. 60—6(1).) Thus, the Attorney General may commence prosecutions under the Act by indictment and the Act provides, in so doing, he shall possess all the duties and powers that State's Attorneys have with respect to criminal prosecutions generally. It is plain that these include the authority to appear before and present evidence to a grand jury. We judge that the Attorney General may properly appear before a grand jury in connection with suspected violations of the Antitrust Act.

For the reasons given, the original petition for writ of *mandamus* is denied.

*Writ denied.*