(No. 46868.-)

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Petitioner, v. JOSEPH POWER, Judge, Respondent.

*Opinion filed January 21, 1975.*

Bernard Carey, State's Attorney, of Chicago (James B. Haddad, First Assistant State's Attorney, of counsel), for petitioner.

James J. Doherty, of Chicago, for respondent.

William J. Scott, Attorney General, of Chicago (James B. Zagel and John Patrick Healy, Assistant Attorneys General, of counsel), *amicus curiae.*

Frank Carrington and Daniel B. Hales, both of Evanston (Fred E. Inbau, and James P. Economos of Economos and Alexander, Ltd., all of Chicago, of counsel), for *amici curiae* Americans for Effective Law Enforcement, Inc., and Illinois Chapter of Americans for Effective Law Enforcement, Inc.

Stephen A. Schiller, Executive Director, Chicago Crime Commission, of Chicago (John Beal, Associate Director, of counsel), for *amicus curiae* Chicago Crime Commission.

MR. JUSTICE DAVIS delivered the opinion of the court:

This is an original action seeking a writ of *mandamus* which would direct the presiding judge of the criminal division of the circuit court of Cook County to impanel a second regular grand jury each month. We have taken the respondent's motion for dismissal of the petition for consideration with the request for *mandamus.*

On July 3, 1974, Bernard Carey, State's Attorney of Cook County, appeared before Judge Joseph Power, presiding judge of the criminal division of the circuit court of Cook County, and requested the impanelment of a second regular grand jury in August, 1974, and each month thereafter; the second regular grand jury to be impaneled for the purpose of hearing violent felony cases. Judge Power ruled that section 112—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 112—3(a)) absolutely prohibits him from calling a second regular grand jury as requested.

State's Attorney Carey presented exhibits concerning

the current problems and delay in the workings of the criminal justice system in Cook County.

Whether or not this case is an appropriate one for *mandamus* relief must be determined by whether Judge Power was correct in his ruling that section 112—3(a) of the Code of Criminal Procedure left him absolutely no discretion as to whether more than one "regular grand jury" can be impaneled in each month. The term "regular grand jury" is used hereafter to refer to grand juries impaneled pursuant to section 112—3(a) and in the first month of their existence. Section 112—3(a) provides:

> "(a) In counties with a population in excess of of 1,000,000 *a* Grand Jury shall be convened, impaneled and sworn, and shall commence the performance of *its* duties for an indeterminate period, on the first Monday of each month. In such counties *a* Grand Jury shall serve until discharged by the court, except that no Grand Jury shall serve in excess of *18* months and not more than *6* Grand Juries shall sit at the same time." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 38, par. 112—3(a).

For the reasons hereinafter stated, we hold that the term "a Grand Jury" is to be construed literally, limiting Judge Power to the impanelment of only one regular grand jury each month, and therefore the petition for writ of *mandamus* must be denied.

The legislature, when referring to the length of a grand jury's period of services, specified the maximum time as 18 months, and the maximum number of grand juries which could sit at the same time as six. Such reference to specific numbers in said section, and in other sections hereafter mentioned with reference to grand juries, causes us to conclude that when referring to "a" Grand Jury in said section, the legislature intended and meant "one" Grand Jury. The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. *Electrical Contractors Association of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill.2d 587.

We also reach this conclusion in that section 112—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 112—3(a)) and section 19 of the Jurors Act (Ill. Rev. Stat. 1973, ch. 78, par. 19) should be construed together in determining the legislative intent in providing for grand juries. When this is done, it is apparent that section 112—3(a) was meant to provide the minimum of grand jury availability, and section 19 was meant to provide a means of increasing such availability when the minimum availability of grand juries was no longer adequate to public needs. Section 19 provides:

> *"The judge of any court of competent jurisdiction may order a special venire to be issued for a grand jury at any time when he shall be of opinion that public justice requires it.* The order for such venire shall be entered on the records of the court by the clerk thereof; and such clerk shall forthwith issue such venire under his hand and the seal of the court, and deliver the same to the sheriff, who shall execute the same by summoning, in the same manner now provided or that may hereafter be provided by law for summoning jurors, 23 persons, qualified by law, to constitute a grand jury. Such venire shall state the day on which such persons shall appear before the court." (Emphasis ours.) Ill. Rev. Stat. 1973, ch. 78, par. 19.

In *People v. Blumenfeld* (1928), 330 Ill. 474, at pages 478 and 479, the court stated: "A special grand jury, when legally organized, is in law a valid grand jury for every purpose, and in this State, the circuit court has inherent power, independently of statute, of re-convening a special grand jury. (*People v. McCauley* [(1912), 256 Ill. 504.]) A special grand jury is not restricted to the investigation of offenses committed after the regular grand jury has adjourned, but may inquire into and presentment make of any offense committed within the jurisdiction of the court not barred by the Statute of Limitations." *People v. Grizzel* (1943), 382 Ill. 11, 20-22; *People v. Vaughn* (1945), 390 Ill. 360.

The very question of the legality of such a grand jury,

impaneled pursuant to section 19, and the permissible scope of its duties was passed upon in *People ex rel. Ferrill v. Graydon* (1929), 333 Ill. 429, 435-436, wherein the court said: "Our statute (Rev. Stat. chap. 78, sec. 19,) has provided a method of summoning a special grand jury, \*\*\*. There are many statutory provisions that at certain specified terms of court in particular counties no grand jury shall be summoned, or that no criminal business shall be transacted, or that no grand jury shall be summoned except by a special order of the judge holding the court. No restraint has been imposed by the constitution upon the power of the legislature to determine at what time, under what circumstances and in what manner a grand jury may be summoned, but the matter is left entirely to the discretion of the legislature. \*\*\* With the question of the policy or wisdom of authorizing the impaneling of a special grand jury when a grand jury regularly impaneled is performing the duties of such body we have no concern. The act authorizes the issue of a special venire for a grand jury at any time the judge shall be of opinion that public justice requires it, and we have no right to impose any further limitation on the exercise of the power." See also *People v. Grizzel* (1943), 382 Ill. 11, 21-22; *People ex rel. Hollis v. Chamberlain* (1971), 49 Ill.2d 403.

The State's Attorney raises the question of the validity of Cook County Circuit Court Rule .06(a), arguing that the rule is contrary to law, and that the provision limiting the scope of matters to be considered by an extended grand jury unnecessarily limits the utilization of such grand juries. Rule .06(a) provides:

"Jurors, Terms of Service, Assembly and Excuse. (a) Grand jurors. The Chief Judge or his designate shall certify to the Clerk of the Court the number of grand jurors required each month. Persons summoned for service as grand jurors shall be called for the first Monday of each month and shall serve for a period of one month and until the impaneling of the next Grand Jury on the first Monday of the following month. The court, on its

own motion or on petition of the State's Attorney or the foreman and 11 other grand jurors, may for good cause extend the term of any Grand Jury from time to time for successive periods of not more than 30 days each for the purpose of completing any matters then under consideration or investigation by said Grand Jury. No such Grand Jury shall serve in excess of 18 months and not more than six Grand Juries shall sit at the same time." (Amended June 3, 1971.)

The legislature has granted the circuit courts the power to make rules "for the orderly disposition of business before them as may be deemed expedient, consistent with law." (Ill. Rev. Stat. 1973, ch. 37, par. 72.28.) The circuit court of Cook County has seen fit to adopt local Rule .06(a), set forth in full above, which provides among other things that extended grand juries can hear only those matters which were under consideration or investigation during the first 30 days of their existence. Section 112–3(a) of the Code of Criminal Procedure provides, among other things, that a grand jury shall serve for an indeterminate period not to exceed 18 months until discharged by the court. Section 112–3(a) places no limitation whatsoever upon the matters which may be considered by such grand juries. Rule .06(a) cannot abrogate, modify or limit the provisions of section 112–3(a) and is invalid insofar as it attempts to limit matters which an extended grand jury may consider. (*Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,* 263 U.S. 629, 635, 68 L. Ed. 480, 44 S. Ct. 220; *In re Oliver* (7th Cir. 1971), 452 F.2d 111, 114.) Also, it is our view that section 112–3(a) of the Code of Criminal Procedure provides for a basic minimum of grand jury availability, and to accept the petitioner's argument on this issue would be to deny the role historically given to special grand juries impaneled pursuant to section 19 of the Jurors Act.

We would finally comment on that portion of section 112–3(a) which limits the number of grand juries which

may be sitting at any given time to six. In *People ex rel. Hollis v. Chamberlain* (1971), 49 Ill.2d 403, the court addressed the question of the status of a special grand jury impaneled to aid the Attorney General in investigating activities which he deemed to be in violation of the Illinois Antitrust Act. The applicable statute was section 112—3(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 112—3(b)), which provided:

> "(b) In all other counties [those with less than 1,000,000 population] the Grand Jury shall be called and sit at such times and for such periods as the circuit court may order on its own motion or that of the State's Attorney; provided, that no Grand Jury shall sit for a period in excess of 18 months and, provided further, that no more than one Grand Jury shall sit at the same time."

The circuit court of Sangamon County ordered that a special grand jury be convened for the purposes set forth in the Attorney General's petition.

The court relied on *People ex rel. Ferrill v. Graydon* (1928), 333 Ill. 429, to hold that such a grand jury could lawfully be impaneled despite the statutory restriction of section 112—3(b) that no more than one grand jury could sit at a time. It was held that the statutory limitation on the number of grand juries that may sit at the same time applied only to regular grand juries under section 112—3 and not special grand juries.

Section 112—3(a) (Ill. Rev. Stat. 1969, ch. 38, par. 112—3(a)) provided:

> "In counties with a population in excess of 1,000,000 a Grand Jury shall be convened, impaneled and sworn, and shall commence the performance of its duties for an indeterminate period, on the first Monday of each month. In such counties a Grand Jury shall serve until discharged by the court, except that no Grand Jury shall serve in excess of 18 months and not more than 6 Grand Juries shall sit at the same time."

Sections 112—3(a) and 112—3(b) of the Code of Criminal Procedure of 1963 are similar in nature; and logic compels that the holding in *Hollis* be applicable to both

sections 112—3(a) and 112—3(b). The six-grand-jury limitation of section 112—3(a) refers to those grand juries originally impaneled as regular grand juries. We would also note that any other result would render section 19 of the Jurors Act virtually meaningless as a vehicle for relief of grand jury congestion.

Therefore, inasmuch as we find that section 112—3(a) of the Code of Criminal Procedure provides for only one new regular grand jury to be impaneled each month and that section 19 of the Jurors Act provides for the issuance of a special venire for a grand jury at any time when the court shall be of the opinion that public justice requires it, the motion to dismiss the petition is granted and the writ of *mandamus* is denied.

*Writ denied.*