THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HENSON ROBINSON COMPANY, METAL-AIR CORP. *et al.,* Defendants.—(CHARLES R. BEARD *et al.,* Defendants-Appellees.)

(No. 12821;

Fourth District—May 22, 1975.

*Rehearing denied June 18, 1975.*

William J. Scott, Attorney General, of Chicago (Edwin C. Thomas and Thomas Ciechanowski, Assistant Attorneys General, of counsel), for the People.

Brown, Hay & Stephens and Gillespie, Burke & Gillespie, P. C., both of Springfield (Robert H. Stephens, John H. Squires, Patrick J. Cadigan, and Robert E. Gillespie, of counsel) for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case involves the construction of section 7.7 of the Illinois Antitrust Act which provides:

> "§ 7.7. In any investigation brought by the Attorney General pursuant to this Act, no individual shall be excused from attending, testifying or producing documentary material, objects or tangible things in obedience to ·a subpoena or under order of the court on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to any penalty. *No individual shall be criminally prosecuted or subjected to any criminal penalty under this Act for or on account of any testimony given by him in any investigation brought by the Attorney General*

*pursuant to this Act;* provided no individual so testifying shall be exempt from prosecution or punishment for perjury committed in so testifying." (Emphasis added.) Ill. Rev. Stat. 1969, ch. 38, par. 60—7.7.

The supreme court stated in *People v. Crawford Distributing Co.,* 53 Ill.2d 332, 291 N.E.2d 648, that the immunity created by this section was not "transactional" immunity but the more restrictive "use and derivative use" immunity, which protected the witness from prosecution resulting from the use of this testimony and from evidence derived from it.

On April 28, 1971, the Attorney General petitioned the circuit court of Sangamon County to call a special grand jury to investigate conduct believed to be in violation of the Antitrust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60—1 *et seq.*). Although a regular grand jury was sitting at the time, the court granted the prayer of the petition. Subsequently, an original petition for writ of mandamus to expunge the order was denied by the supreme court in *People ex rel. Hollis v. Chamberlain,* 49 Ill.2d 403, 273 N.E.2d 835. Defendants John L. Nelson and Charles R. Beard were among those who testified pursuant to subpoena before the special grand jury and were then indicted by the same grand jury for alleged antitrust violations. Upon their separate motions, the indictments against these defendants were dismissed on the theory that section 7.7 of the Antitrust Act immunized them from prosecution because of their testimony. The Attorney General had filed no pleadings in response to the motions and no evidence was heard. The State appeals.

The Antitrust Act was amended in 1969 by P.A. 76-208, which expanded the investigative powers of the Attorney General, provided for civil penalties for violators and added a prohibition against exclusive dealings. Of importance here are sections 7.2 through 7.7, all of which were a new enactment. Section 7.2 empowers the Attorney General to issue subpoenas for the production of documents and appearance of witnesses to be examined under oath. Sections 7.3 through 7.6 provide for the mechanics of effectuating Section 7.2. Section 7.4 states that the examination of witnesses shall be conducted by the Attorney General or his assistant before an officer authorized to administer oaths and with a transcript made.

The 1969 amendments to the Antitrust Act were somewhat controversial among members of the bar and generated several law review articles. In the articles, only slight attention was given to section 7.7; however, there was no indication that the section applies only to section 7.2 proceedings. In an article generally critical of the amendments, two recognized commentators on antitrust law in Illinois stated that under the amendments:

"Immunity is granted a natural person for or on account of any testimony or evidence given by him in any investigation brought by the Attorney General.' (It does not say, 'given by him pursuant to subpoena.')" Curtis and Decker, *The 1969 Amendments to the Illinois Antitrust Act*, 58 Ill.B.J. 698, 712 (1970).

In another article, Robert S. Atkins, one of the draftsmen of the amendatory act and at the time of writing the article Chief or the Antitrust Division of the Attorney General's Office, wrote:

"Another most important and necessary adjunct to effective antitrust investigatory machinery is an immunity provision such as now contained in Section 7.7 of the Act. Under this amendment a witness appearing pursuant to grand jury or civil subpoena, in connection with an investigation commenced by the Attorney General, is immunized from criminal prosecution 'for and on account of any testimony given by him.'" Atkins, *State Antitrust Enforcement and Important New Amendments to the Illinois Antitrust Act*, 58 Ill.B.J. 699, 722 (1970).

No court of review has ruled whether proceedings before grand juries can give rise to immunity under section 7.7. In *Crawford*, certain individuals, as officers of corporations, received subpoenas duces tecum issued pursuant to section 7.2 and produced the requested documents. They, together with other individuals, discussed these documents with agents of the Attorney General and were later indicted for antitrust violations. Upon motion, the trial court dismissed the charges against the individual defendants upon their claim of immunity under section 7.7. Later the charges were also dismissed against the corporate defendants upon the theory that the entire Antitrust Act was unconstitutional because of the subpoena power conferred on the Attorney General.

On review, the Supreme Court reversed, holding that the subpoena power was valid and that no immunity of any kind was granted to the individual defendants:

"since they made unsworn statements only to the Attorney General's representatives, and did so aside from any judicial proceedings. The language of sections 7.2 and 7.7 of the Illinois Antitrust Act is clear in this respect." 53 Ill.2d 332, 343, 291 N.E.2d 648, 654.

After discussing the subpoena power provided for in section 7.2, the court stated:

"Section 7.7 was incorporated in the Act as an adjunct to the subpoena power. It contains an immunity provision which bars criminal prosecution of any witness 'for or on account of any testimony given by him' when called by the Attorney General

pursuant to his subpoena power." 53 Ill.2d 332, 338, 291 N.E.2d 648, 652.

In the case under consideration, the Attorney General's petition had asked that the jury be impanelled "to investigate conduct believed by him to be in violation of the Illinois Antitrust Act." (*Hollis*, 49 Ill.2d 403, 404, 273 N.E.2d 835, 836.) The order convening the grand jury provided: ·

> "'which Grand Jury shall be made available to the Attorney General of the State of Illinois, in connection with investigation of the matter described in the Attorney General's Petition and to return such indictments as warranted by the evidence.'" (49 Ill.2d, 403, 405, 273 N.E.2d 835, 836).

In justifying the action of the Attorney General and as a reason for denying the request for the writ of mandamus, the court noted that section 6(1) of the act directed that the Attorney General "investigate suspected criminal violation of this act" and further stated:

> "The Committee Comments to the Act state: 'To facilitate criminal enforcement, Section 6(1) gives the Attorney General all the powers and duties vested by law in State's Attorneys with respect to criminal prosecutions generally. This would include the power to convene grand juries * * *.'" 49 Ill.2d 403, 407-408, 273 N.E.2d 835, 837.

Thus an investigation had been started by the Attorney General and then a special grand jury was called pursuant to his request and made available to the investigation. The Attorney General then appeared before that grand jury and admittedly examined defendants. Since all of this was done pursuant to powers given to the Attorney General by the Antitrust Act, defendants contend that particularly under the special circumstances of this case, their testimony was given by them in an investigation "brought by the Attorney General pursuant to this Act" and that immunity should thereby attach. Section 7.7 is somewhat ambiguous as to its application but we do not think that the interpretation requested by defendants was intended by the legislature. Section 7 of the Antitrust Act to which section 7.7 has been added is entitled "Civil Actions and Remedies." Section 7.2 which was part of the same amendatory act as section 7.7 provides, for the first time, for an antitrust civil investigatory procedure, with the four subsequent sections providing for the issuance of and enforcement of subpoenas and the examination of witnesses. To further strengthen the powers of the Attorney General in these proceedings provision for the granting of immunity was necessary and section 7.7 was enacted for that purpose. No such need existed for power to grant immunity and thus compel testimony in regard to pro-

ceedings before grand juries because that was already provided by article 106 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 106—1 *et seq.*).

Even in this case where the grand jury was called by the circuit court of Sangamon County after a request by the Attorney General, it was the order of the court under section 112—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 112—3) and not the petition of the Attorney General that "brought" the grand jury investigation and it was the process of the court and not the prosecutor that compelled the witnesses to testify (*People v. Sears,* 49 Ill.2d 14, 273 N.E.2d 380). Although the contentions of the defendants are strengthened by the unusual circumstances of the calling of the grand jury in this case, we doubt that the legislature would have intended an immunity provision to be applicable to special grand juries called at the request of the Attorney General but not to others that might also be investigating antitrust matters.

Defendants argue that because of their position of being potential defendants, they should have been warned of their constitutional rights prior to being examined before the grand jury and that this was not done. Such a contention is not reached by a motion to dismiss the indictment on the grounds that immunity has been granted. Defendants are not precluded by this ruling from raising this issue by a timely motion to suppress made in the trial court.

Accordingly, the order of the circuit court dismissing the indictment is reversed and the cause remanded to the circuit court of Sangamon County with directions that the indictment be reinstated as to defendants John L. Nelson and Charles R. Beard.

Reversed and remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.