(No. 23801.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JIM LEWIS, Plaintiff in Error.

*Opinion filed December 10, 1936—Rehearing denied Feb. 4, 1937.*

ANDALMAN & SHAMBERG, (MAXWELL N. ANDALMAN, and NORMAN H. ARONS, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

A jury in the municipal court of Chicago found the defendant, Jim Lewis, guilty of the unlawful sale of the return portion of a non-transferable railroad ticket. This conviction was sustained by the Appellate Court for the First District, and the case is here on a further writ of error.

The information charged the plaintiff in error with unlawfully selling the return coupon in question without authority of the railroad, contrary to the provisions of paragraphs 105 to 108, incl. of chapter 114. (Smith-Hurd Stat. 1933, p. 2296; Cahill's Stat. 1933, p. 2256.) It appears from the evidence that the defendant was conducting a ticket office in Chicago where he was called upon by William S. Smith, an investigator for the Railway Ticket Protective Bureau, maintained by several railroads. On his first visit no sale was made, but on a second call the defendant sold the investigator a ticket to New York for $25. Another investigator for the same agency was present at the time of the sale and corroborated the testimony of the investigator who made the purchase. The defendant denied making the sale and testified that he told the investi-

gator, Smith, that he (the witness) knew a man at the Planter's Hotel who had a ticket he would like to dispose of and that that man was present in the office when the sale was made. He further testified that upon making the sale he turned the money over to the supposed transient at the Planter's Hotel without keeping any for himself.

It is first contended that the motion to quash should have been sustained because the information does not negative certain exceptions in the statute which qualify and limit its application. A reference to the act shows the title to be, "An act to prevent frauds upon travelers and owner or owners of any railroad, steamboat or other conveyance for the transportation of passengers." It consists of six sections, the first of which requires the railroad or other transportation company to furnish its agents with certificates of authority to sell tickets. The second section makes it unlawful for any person not possessed of such authority to sell or deal in any tickets or passes or other evidences of the holder's title to travel on the transportation system. The third section provides a penalty to be imposed upon any person or persons violating the provisions of the act, while the fourth makes it the duty of every agent authorized to sell tickets or parts of tickets to exhibit his authority therefor to any person desiring to purchase a ticket or to any officer of the law so requesting. By the fifth section it is provided that the railroads must make certain specified arrangements for the redemption of the whole or any parts or coupons of any ticket or tickets which they may have sold and which the purchaser has not used, and its closing sentence contains the following: "Provided that this act shall not prohibit any person who has purchased a ticket from any agent authorized by this act, with the *bona fide* intention of traveling upon the same, from selling any part of the same to any other person." The sixth and last section provides a penalty against the transportation company for refusal to make redemption of tickets in accord-

ance with the provisions of section 5. Smith-Hurd Stat. 1933, chap. 114, pars. 105 to 110, incl. p. 2296; Cahill's Stat. 1933, chap. 114, pars. 174 to 179, incl. p. 2256.

The rule is that where the exception is not stated in the clause of the act creating or describing the offense, where there is no reference in the enacting clause to the exception, and the exception is one which merely withdraws the case from the operation of the statute, the exception need not be negatived. (*People* v. *Montgares,* 347 Ill. 562, and authorities cited.) Reference to the act under which the information was filed makes it apparent that the defendant's point is without merit.

The defendant's second and third contentions are, that the sale was not made without authority of the railroad companies, because the purchaser was employed by them as their agent, and that there was therefore a consent on their part; that the defendant was entrapped into making the sale and should therefore have been discharged. Neither of these points has weight or substance. The investigator who made the purchase was employed by the Railway Ticket Protective Bureau, and there is no evidence and nothing to indicate that he had any agency or any authority from a railroad company to consent to a sale of the ticket in question. It is not an instigation or solicitation to crime for an individual or officers to furnish an opportunity for the commission of a criminal offense if the purpose is in good faith to secure evidence against the persons guilty of crime and not to induce an innocent person to commit a crime. (*People* v. *Ficke,* 343 Ill. 367.) The question of entrapment is further discussed and the distinctions pointed out in the case of *In re Horwitz,* 360 Ill. 313. There was no entrapment in this case.

The evidence sustains the verdict, and the judgment will be affirmed.           *Judgment affirmed.*