(No. 47277

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JAMES TERRY, Appellee.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Brian A. David, Assistant Attorneys General, of Chicago, of counsel), for the People.

Stephen P. Hurley, Deputy Defender, Office of State Appellate Defender, of Mt. Vernon, and Richard E. Cunningham, Assistant Defender, Office of State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, James Terry, who had been indicted on February 14, 1973, in Lawrence County on two counts of indecent liberties with a child (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(a)(1)) was, on his motion, ordered discharged on November 28, 1973, by the circuit court of Lawrence County for want of prosecution. The appellate court affirmed (24 Ill. App. 3d 197), and we granted leave to appeal. The question presented is whether the filing and pendency of a motion by the defendant under the circumstances here constituted a "delay occasioned by the defendant" so as to toll the running of the 160-day period within which this defendant had to be brought to trial under section 103—5(b) of the Code of Criminal Procedure.

The section provides in part:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, ***." Ill. Rev. Stat. 1971, ch. 38, par. 103—5(b).

In the two-week period following his indictment the defendant filed a series of motions: a motion for substitution of judges, a motion for reduction of bail, a motion for discovery, a motion to quash the arrest and suppress evidence, and a motion for a bill of particulars. The motions for substitution of judges and reduction of bail were allowed, and the defendant was released on bond

February 20, 1973. Neither the defendant nor the State called the remaining motions up for hearing, and they were still pending when the defendant was discharged.

On June 7, 1973, which was 99 days after he had filed the last of his motions, the defendant filed a demand for trial. On November 20, 163 days after filing this demand, the defendant petitioned the court to be discharged under section 103—5(b) of the Code of Criminal Procedure. At the hearing on the petition on November 28, 1973, the only evidence presented by the State was through an investigator who testified she had unsuccessfully attempted to interview two of the defendant's children in the latter part of July. (The indictment charged the defendant with having committed the offenses against two of his own children.) It appears the investigator had sought to ascertain for the State's Attorney what the testimony of the children would be. The court entered an order discharging the defendant on November 28, 1973, and on December 14, 1973, the State filed a motion to vacate the order. For the first time the State made the contention that the defendant's pending motions had tolled the 160-day statutory period because they constituted "delay occasioned by the defendant."

The defendant's answer to the motion to vacate stated that the prosecutor handling the case had been ordered by the court on May 17, 1973, to answer the defendant's motion for discovery and to set the case down for hearing, and the answer further stated that for "many months" prior to the order of May 17 the court had ordered the prosecutor "to answer all motions filed and set the case for trial" and that the prosecution had not responded to the court's orders. The State did not contradict the matters set out in the defendant's answer, and its motion to vacate was denied on January 16, 1974.

We consider that the appellate court properly affirmed the defendant's discharge. That court correctly observed that while the defendant ordinarily would be chargeable

with the delay occasioned by the filing of his motions, and while he would have the primary obligation of calling up the motions for hearing and disposition, under the unusual circumstances of this case the passage of more than 160 days after the defendant had filed a demand for trial without his being brought to trial entitled him to be discharged.

It is not contradicted that months before his demand for trial the court ordered the prosecution to respond to all of the defendant's motions and have the case set for trial. Two judges had ordered the prosecution to take this action, but the prosecution ignored these orders of the court. When the defendant on June 7, 1973, which was 99 days after he had filed his last motion, filed a demand for trial he took action that was inconsistent with an intention to have his pending motions answered. The prosecution, considering the court's ordering it to have the case set for trial, should have judged the demand for trial as indicating that the defendant no longer wished to pursue his earlier motions but instead wished to go on trial. The court, whose directions to the prosecution to answer and have the case set for trial were ignored, under the circumstances of this case properly ordered the defendant's discharge when he was not brought to trial within 160 days from the date of his demand for trial.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.