THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD H. SEIDEL, Defendant-Appellant.

Third District   No. 3—85—0191

Opinion filed November 22, 1985.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Donald H. Seidel, appeals from the trial court's denial of his motion to withdraw his guilty plea and from his sentence. We affirm as modified.

The defendant entered a blind plea of guilty to one count of unlawful possession of more than 500 grams of cannabis with intent to deliver. (Ill. Rev. Stat. 1983, ch. 56½, par. 705(e).) Following a hearing in aggravation and mitigation, the court sentenced the defendant to seven years of imprisonment and the payment of a $4,125 fine, based upon the street value of the cannabis involved. The court denied the defendant's motion to withdraw his guilty plea, and this appeal followed.

The defendant's first argument on appeal is that he should have been allowed to withdraw his guilty plea because it was not voluntary. According to the defendant, his plea of guilty was improperly induced by State threats to prosecute his grandparents for the instant offense.

■■ ■ We note initially that it is within the sound discretion of the trial court whether to allow a defendant to withdraw his guilty plea. A court of review will not disturb the court's decision absent an abuse of that discretion. (*People v. Hiera* (1980), 81 Ill. App. 3d 571, 402 N.E.2d 290.) Permission to withdraw a plea of guilty is not granted as a matter of right, but only if the defendant carries the burden of proof by showing that withdrawal is necessary to correct a manifest injustice based upon the facts of the case. *People v. Nichols* (1981), 96 Ill. App. 3d 354, 420 N.E.2d 1166.

■ In the instant case, the record does not support the defendant's allegation that his guilty plea was improperly induced by the State. The defendant's grandparents were also charged with the instant offense because of evidence presented at the defendant's preliminary hearing. The cannabis was found in a storage area of a house which was owned and occupied by the defendant's grandparents. By the grandfather's own admission, he had the only key to the room in which the majority of the drugs were found. We thus find no basis in the record before us that the charges against the grandparents were improperly filed by the State. The defendant's grandparents were obviously implicated at that point in regard to the possession of the drugs in question. We further note that at the hearing on the motion to withdraw his plea, the defendant admitted that no coercion was ap-

plied against him and no promises of any kind were made in relation to his grandparents. Moreover, no one indicated to him that if he pleaded guilty, the charges against his grandparents would be dismissed.

During the plea proceedings, the trial court thoroughly admonished the defendant concerning the consequences of his guilty plea. The defendant was carefully questioned as to whether anyone had threatened or forced him to plead guilty. There is clearly nothing in the record to indicate that the defendant's plea of guilty was anything but voluntary. We, therefore, conclude that the trial court properly exercised its discretion in denying the defendant's motion to withdraw his guilty plea.

The defendant next contends that the trial court during sentencing failed to give proper consideration to the nature of the offense and his rehabilitative potential. The defendant requests that we vacate his sentence of seven years' imprisonment and impose a lesser sentence.

■■ ■ It is well settled that a court of review will not disturb a sentence imposed by the trial court absent an abuse of the court's discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The balance struck by the trial court in weighing the factors in aggravation and mitigation should not be changed if supported by the record. *People v. Lewis* (1980), 89 Ill. App. 3d 15, 410 N.E.2d 1047.

■■ We find in the case at bar that the mitigating factors raised by the defendant were outweighed by the factors in aggravation. These aggravating factors included the defendant's prior criminal history and the need to deter others from committing the same offense. The court also considered the defendant's potential for rehabilitation and the nature of the instant offense. We believe that the trial court properly balanced the various factors and the record supports the court's judgment. The sentence imposed on the defendant was clearly not an abuse of the court's discretion.

■■ ■ The defendant's next issue on appeal is that the court's imposition of a fine in the amount of the street value of the cannabis was improper. According to the defendant, the statute governing the mandatory street-value fine (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) was impliedly repealed by the subsequent enactment of section 10.1 of the Cannabis Control Act and section 411.1 of the Controlled Substances Act. (Ill. Rev. Stat. 1983, ch. 56½, pars. 710.1 and 1411.1.) These latter sections govern the imposition of a discretionary fine in drug-related cases. The defendant asserts that these statutes are in conflict and cannot be reconciled.

Section 5—9—1.1 of the Unified Code of Corrections provides that:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or *** a controlled substance *** in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1.)

The above statute became effective on January 1, 1982. The following sections, 10.1 and 411.1, which concern discretionary fines in drug-related offenses, took effect on January 1, 1984:

"Whenever any person pleads guilty to, is found guilty of *** an offense under this Act, a fine may be levied in addition to any other penalty imposed by the court." (Ill. Rev. Stat. 1983, ch. 56½, par. 710.1(a).)

"Whenever any person pleads guilty to, is found guilty of *** an offense under this Article, a fine may be levied in addition to any other penalty imposed by the court." (Ill. Rev. Stat. 1983, ch. 56½, par. 1411.1(a).)

These two sections, which provide for discretionary fines, also specify various factors such as financial resources which must be taken into account by the court in determining whether a fine is warranted.

The primary consideration in construing the language of a statute is to give effect to the intent of the legislature. (*People ex rel. Carey v. Power* (1975), 59 Ill. 2d 569, 322 N.E.2d 476.) Our courts also have long and consistently held that repeal by implication is not to be favored and will not be found unless there is such a clear and irreconcilable repugnance between two laws that the provisions of both cannot be carried into effect. *County of Du Page v. Harris* (1967), 89 Ill. App. 2d 101, 231 N.E.2d 195.

■ We find the defendant's interpretation of the disputed statutes to be without merit. All three sections specifically refer to the levying of a fine "in addition to any other penalty" imposed by the court. A statute should be construed, where possible, so that no clause is rendered meaningless or superfluous. (*People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517.) Thus, by the statutes' very terms, a court could certainly impose a fine under both statutes.

■ The legislative history of sections 10.1 and 411.1 (adopted by the Senate as House Bill 321) clearly shows that these paragraphs did not repeal section 5—9—1.1. This intent by the legislature is seen in the arguments made in the Senate concerning this bill wherein the mandatory fine provision was directly retained. (Illinois Senate, Tran-

scription of Debate, House Bill 321, June 26, 1983, at 90; June 27, 1983, at 267-68.) As the comments make clear, the mandatory-fine provision is to be applied conjunctively with the provisions concerning the imposition of discretionary fines. We, therefore, find no conflict between the statutes in question and no repeal by implication of section 5—9—1.1.

■■■ The defendant also argues that the mandatory fine required by section 5—9—1.1 is unconstitutional. The defendant contends that the $4,125 fine deprived him of equal protection of the law and violated the doctrine of separation of powers because the trial court was not allowed to consider the defendant's financial resources. The trial court, according to the defendant, was, therefore, deprived of its discretion in imposing the fine.

The recent decision of the Illinois Supreme Court in *People v. Harmison* (1985), 108 Ill. 2d 197, is dispositive of the issue on appeal. In *Harmison,* the court held that the General Assembly has the authority to set the nature and extent of penalties and that the statute was reasonably designed to remedy the problems associated with drugs. Citing *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, the court stated that the equal protection clause does not deny the State the power to treat different classes of persons in different ways. The court concluded that the clause requires equality only between groups of persons "similarly situated"; it does not require equality or proportionality of penalties for dissimilar conduct. As to the doctrine of separation of powers, the court, relying on *People v. Taylor* (1984), 102 Ill. 2d 201, 464 N.E.2d 1059, found that the disputed fine was similar to legislative enactments establishing minimum sentences of imprisonment and, therefore, did not violate the separation of powers. The mandatory-fine provision was thus constitutional. See also *People v. Ruff* (1983), 115 Ill. App. 3d 691, 450 N.E.2d 1369.

■■■ The final issue raised by the defendant on appeal is that his mandatory fine of $4,125 should be reduced so as to reflect a $5 per day credit for pretrial incarceration. The State acknowledges that the defendant should be given credit and that the fine should be reduced by that amount.

Section 110—14 of the Code of Criminal Procedure of 1963 provides in relevant part:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." (Ill. Rev. Stat. 1983, ch. 38, par. 110—14.)

In the case at bar, the defendant was incarcerated for 28 days. At the $5 per day credit rate, the defendant is entitled to a credit of $140 against the $4,125 fine. We so hold.

The judgment of the circuit court of Whiteside County is affirmed as modified.

Affirmed as modified.

BARRY and WOMBACHER, JJ., concur.