(No. 62264.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROGER DALE (Theodore Van Winkle, Appellant).

*Opinion filed May 21, 1986.*

462

James L. Van Winkle, of Van Winkle & Van Winkle, of McLeansboro, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

On February 22, 1984, the defendant, Roger Dale, was charged by criminal information in the circuit court of Saline County with unlawful delivery of 30 grams of cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)) and unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(4)). Bail was set in the amount of $150,000, and the defendant, pursuant to the statute, deposited $15,000 with the court for release on bond (Ill. Rev. Stat. 1983, ch. 38, par. 110—7). The bond provided that "in the event a judgment is entered against said defendant for a fine and/or court costs, the balance of such deposit, after deduction of bail bond costs, shall be applied

to the payment of said fine and/or court costs." On June 25, 1984, the day of his trial, the defendant assigned the right to the bail deposit to his attorney, appellant-intervenor Theodore Van Winkle. The court approved the assignment. Following a jury trial at which the defendant was found guilty of all charges, the court increased his bail bond to $200,000. The defendant deposited an additional $5,000 with the court and signed a bail agreement identical to the one he had signed earlier. At the sentencing hearing the court determined that the street value of the cocaine was $139,200, and, under section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1), imposed a fine upon the defendant in that amount.

The court denied a motion by Van Winkle asking the court to apply the defendant's bail-bond deposit as payment of his attorney fees and ordered that the deposit be applied to the fine and court costs. The court also gave Van Winkle "leave to intervene as an interested party seeking payment of attorney's fees." The appellate court affirmed the denial of Van Winkle's motion (135 Ill. App. 3d 15), and we granted Van Winkle's petition for leave to appeal under Rule 315 (94 Ill. 2d R. 315). The record does not disclose whether the defendant appealed from his conviction.

Van Winkle contends that because of the defendant's assignment of the bail deposit, his claim for attorney fees has a priority over the fine imposed by the court. He argues, too, that the statute under which the "street value" fine was imposed is unconstitutional.

Section 110—7(h) of the Code of Criminal Procedure of 1963 provides:

> "After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with paragraph (a) the balance of such deposit, after deduction of bail bond

costs, shall be applied to the payment of the judgment."
(Ill. Rev. Stat. 1983, ch. 38, par. 110—7(h).)

Section 110—7(f) provides:

> "When the conditions of the bail bond have been per-
> formed *and the accused has been discharged from all obli-*
> *gations in the cause* the clerk of the court shall return to
> the accused, unless the court orders otherwise, 90% of
> the sum which had been deposited and shall retain as bail
> bond costs 10% of the amount deposited. However, in no
> event shall the amount retained by the clerk as bail bond
> costs be less than $5.
>
> At the request of the defendant the court may order
> such 90% of defendant's bail deposit, *or whatever amount*
> *repayable to defendant from such deposit,* to be paid to
> defendant's attorney of record. (Emphasis added.) Ill.
> Rev. Stat. 1981, ch. 38, par. 110—7(f).

Van Winkle's argument that the two sections are in
conflict is unconvincing. It is clear that they are harmo-
nious. Section 110—7(h) provides that a bail deposit shall
be applied to any fine and court costs assessed and that
only thereafter, one may infer, will the defendant be en-
titled to the balance of the deposit. Section 110—7(f)
states that after "all obligations in the cause" of the
defendant are satisfied, his attorney may be paid from
the bail deposit in "whatever amount [is] repayable to
defendant from such deposit." Thus, an attorney that
has acquired rights to the bail deposit under section
110—7(f) can receive only the amount repayable to the
defendant, and the deposit, under section 110—7(h), is
first subject to fines and costs. The defendant's prior as-
signment of the deposit to Van Winkle does not change
this result. It is obvious, of course, that an assignee can-
not acquire a greater right or interest than that held by
the assignor. (*Litwin v. Timbercrest Estates, Inc.* (1976),
37 Ill. App. 3d 956, 958.) When the defendant, prior to
trial, assigned his interest in the bail deposit to Van Win-
kle, the defendant's obligations affecting the deposit had

not yet been determined. Van Winkle was assigned the interest in the bail deposit subject to those obligations.

Van Winkle's reliance on *People v. Maya* (1985), 105 Ill. 2d 281, is erroneous. In *Maya*, the defendants failed to return to their trial after a recess and were tried and sentenced *in absentia*. Section 115—4.1(a) provides that upon a defendant's absenting himself from trial, the trial may proceed in his absence and his attorney may be paid a "reasonable" fee from the bail deposit. Section 110—7(g) requires the forfeiture of a defendant's bail deposit upon the violation of the conditions of bail. Though the sections appeared to be in conflict, this court followed the presumption that enactments relating to one subject were intended to operate in harmony. The court reasoned that unless section 115—4.1(a) was given priority over the forfeiture provision, section 115—4.1(a) would be a nullity. It would be a nullity because if the bond deposit were to be forfeited whenever a defendant absented himself from trial, the trial court would not be able to pay the defendant's attorney from the bail deposit. The provisions here are not standing in apparent conflict as they were in *Maya*. Too, *Maya* did not hold that claims for attorney fees have priority over all other obligations involving the bail deposit; it considered only two specific provisions which related to a claim for attorney fees in a trial *in absentia* situation. The decision gave effect to the legislative purpose of insuring representation for a defendant at a trial *in absentia*.

Van Winkle argues, too, that the purpose of bail is to ensure a defendant's presence at trial, and that it was not the intent of the legislature that bail deposits constitute a fund for court judgments. The argument overlooks that this court has held that "the deposit of 10% of the bail is not only for the purpose of ensuring defendant's presence in court at an appointed time but also constitutes a fund from which a judgment for fine and

costs against the defendant may be satisfied." (*People v. Nicholls* (1978), 71 Ill. 2d 166, 177.) Too, it is to be observed that there is no ground for considering bail deposits as a fund designed for the payment of the attorney fees. In any event, the intent of the General Assembly need not be explored, because the provisions involved here are clear and unambiguous. *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 387.

Van Winkle contends also that the statute under which the street-value fine was imposed is unconstitutional because it provides that only law-enforcement personnel and the accused can testify to the "street value" of the controlled substance. As the appellate court observed, the intervenor misreads the statute. Section 5—9—1.1 provides:

> "When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance * * * a fine shall be levied by the court at not less than the full *street value* of the cannabis or controlled substances seized.
>
> '*Street value*' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1.)

Contrary to what Van Winkle says, the section provides for testimony by law-enforcement personnel and the defendant only on the question of the amount of the substance. To determine the actual value of the contraband, the section provides for "such testimony as may be required by the court."

Though Van Winkle did not make the argument in the circuit court, he complains that the term "street value" is unconstitutionally vague. The contention will not be

entertained. A nonjurisdictional question which has not been properly presented in the trial court and preserved for review will not be considered on appeal. (*People v. Holloway* (1981), 86 Ill. 2d 78, 91; *People v. Amerman* (1971), 50 Ill. 2d 196.) It would indeed be an anomaly to consider a question on an appeal regarding a claim for attorney fees that was not raised on behalf of the client at his trial.

Van Winkle finally says that it "violates fair play and justice to allow persons establishing a fine to receive the benefits of the fine." This claim was not raised either in the trial court or the appellate court and will not be considered here. In any event, there is no substance to the claim. The agent who testified to the street value of the cocaine was not employed by an agency that under the statute receives the proceeds of the judgment here. Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.2.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*