THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DIRON GORSKI, Defendant-Appellant.

Second District   No. 2—85—0493

Opinion filed June 11, 1986.

William H. Theis, of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Service Commission, of Springfield, and William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a bench trial, defendant Diron Gorski was convicted of delivering in excess of 30 grams of cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)) and sentenced to six years' imprisonment. She appeals, contending she established the defense of entrapment and that the trial court erred in ruling the court was required to impose a fine based on the street value of the cocaine. Defendant argues that the defense of entrapment applies whether the entrapper is a government agent or a private party and that, in any event, the entrapper here may be properly characterized as a police agent.

The evidence disclosed that in June 1984 Officer Lawrence Oliver received a call from Dan Odein, who was an acquaintance of the defendant, who told Oliver he knew of a local cocaine dealer, but could not identify the individual. Oliver asked Odein to call him again if he could substantiate the information and wished to introduce Oliver to the individual. Odein had never had any contact with Oliver prior to this call.

Defendant testified that in July and August 1984 Odein repeatedly called her to request her aid in setting up a drug deal in order to prevent Odein's imprisonment on an unrelated matter. He asked her to find a source of drugs, and alternately appealed to their friendship and threatened to interfere with defendant's relationship with her boyfriend. After a telephone conversation between Odein and defendant on September 19, 1984, James Stevens, a visitor to defendant's apartment, told defendant he could produce some cocaine for Odein.

On September 21, 1984, Odein contacted Officer Oliver again and told him a woman named "Ronnie" would be coming to the Lake View Tavern in Fox Lake that evening to sell cocaine. Odein and Oliver met at the tavern at 7 p.m. and defendant arrived 10 minutes later. Oliver and defendant proceeded to the defendant's car, where she sold him several grams of cocaine and asked Oliver how much business they could do on a monthly basis. Oliver told her they could do further business after defendant attested to the quality of the cocaine and assured him she had an unlimited source.

On September 24, 1984, Odein called Oliver to inquire about defendant's case. He then informed Oliver he had been sentenced to work release in an unrelated case and wished to negotiate the term of his sentence with the State's Attorney. Oliver promised he would write a letter to the prosecutor concerning Odein's cooperation with him in this case.

During the next week, Oliver and the defendant talked regularly. Oliver testified defendant contacted him on September 24, 1984, of-

fering to sell him more cocaine, and reaffirmed she had an unlimited supply. Defendant agreed to sell Oliver four ounces of cocaine the following day, and stated larger purchases could be arranged on a weekly or monthly basis. Oliver testified defendant always contacted him for these conversations.

Defendant testified Odein continued to urge her to sell more cocaine to Oliver. She denied telling Oliver she had an unlimited supply or was willing to negotiate future transactions and stated that Oliver initiated some of their discussions.

Defendant and Oliver arranged to meet at Bill Knapp's restaurant on September 27, 1984, where defendant arrived with James Stevens. After identifying Stevens as her "connect," defendant delivered cocaine to Oliver, whereupon she was arrested.

After a bench trial, the trial court rejected defendant's defense of entrapment, finding Odein was not a police agent and, therefore, the defense could not lie. The court found defendant guilty of delivering in excess of 30 grams of cocaine and sentenced her to six years' imprisonment. In addition, the court imposed a fine of $11,257 based upon the street value of the cocaine, pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1). This appeal followed.

■ As her first ground of error, defendant contends the defense of entrapment applies whether the entrapper is a government agent or a private party. Section 7—12 of the Criminal Code of 1961 provides:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated." (Ill. Rev. Stat. 1985, ch. 38, par. 7—12.)

Although the clear language of the statute appears to amply rebut defendant's argument, she seeks to support her position by citing *In re Horwitz* (1935), 360 Ill. 313, 196 N.E. 208, *People v. Ficke* (1931), 343 Ill. 367, 175 N.E. 543, and *People v. Lewis* (1936), 365 Ill. 156, 6 N.E.2d 175.

In *In re Horwitz* (1935), 360 Ill. 313, 196 N.E. 208, the court dismissed a proceeding to disbar an attorney who had filed a claim for a fictitious automobile injury finding there was no evidence he was aware of the fiction. The fabrication in that case had been set as a

trap by an insurance company superintendent to test the honesty of an adjuster. The court also based its dismissal upon a refusal to "countenance trickery and deceit such as this record discloses" (360 Ill. 313, 328, 196 N.E. 208), but did not address the applicability of the entrapment defense where the entrapper is a private individual. Similarly, in *People v. Ficke* (1931), 343 Ill. 367, 377, 175 N.E. 543, and *People v. Lewis* (1936), 365 Ill. 156, 159, 6 N.E.2d 175, the court stated it is not entrapment for "an *individual* or officers to furnish an opportunity for the commission of a criminal offense if the purpose is in good faith to secure evidence against the persons guilty of crime and not to induce an innocent person to commit a crime" (emphasis added), but did not discuss the defense's applicability where the informer is a private party.

Defendant also notes that the 1961 Committee Comments to section 7—12 of the Criminal Code of 1961 (Ill. Ann. Stat., ch. 38, par. 7—12, Committee Comments, at 439 (Smith-Hurd 1972)) cite to the above cases, and then state:

> "Section 7—12 states the defense of entrapment in general terms in essentially the language which the Illinois Supreme Court has used in cases citing with approval the Sorrells case. (*Sorrells v. United States* (1932), 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413.) A more detailed definition does not seem feasible at the present *** since the existing court opinions do not sufficiently outline its scope or settle various problems which would affect the expression of a detailed definition. If in time the defense becomes more clearly delineated, this provision may be stated in a more comprehensive form."

Defendant argues these comments indicate the legislature viewed section 7—12 as codifying the dicta regarding entrapment in the cases cited and extending it to conduct by a private person. However, since adoption of section 7—12, the reviewing courts have routinely referred to participation by a government agent as an element of the entrapment defense and have not extended the defense to the conduct of a private party. (See, *e.g., People v. Cross* (1979), 77 Ill. 2d 396, 405, 396 N.E.2d 812, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316; *People v. Martin* (1984), 124 Ill. App. 3d 590, 592, 464 N.E.2d 837, *appeal denied* (1984), 101 Ill. 2d 573; *People v. Marshall* (1981), 101 Ill. App. 3d 244, 246-47, 427 N.E.2d 1333, *appeal denied* (1982), 88 Ill. 2d 553; *People v. Jensen* (1976), 37 Ill. App. 3d 1010, 1014, 347 N.E.2d 371; *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 232, 260 N.E.2d 234, *appeal denied* (1970), 43 Ill. 2d 397; *People v. Brown* (1964), 54 Ill. App. 2d 450, 454, 203 N.E.2d

784.) Nor has the legislature seen fit to expand the parameters of the entrapment defense. As it is the function of this court to ascertain and give effect to the legislature's intent and not second-guess the plain meaning of a legislative enactment (*People v. Agnew* (1985), 105 Ill. 2d 275, 279, 473 N.E.2d 1319; *People v. Richardson* (1984), 104 Ill. 2d 8, 15, 470 N.E.2d 1024; *People v. Carlyle* (1985), 130 Ill. App. 3d 205, 208, 474 N.E.2d 9, *appeal denied* (1985), 106 Ill. 2d 556), we find no basis upon which to expand the rule to include conduct by one who is not acting as a government agent.

■ Defendant next asserts Odein was, in fact, acting as a police agent in this matter. Although it is clear " 'the State must be responsible for the actions of their informer *** [citation]' " (*People v. Dollen* (1972), 53 Ill. 2d 280, 284, 290 N.E.2d 879), the cases offered by defendant do not support her argument that Odein was, under these circumstances, a police agent.

Defendant first cites *Sherman v. United States* (1958), 356 U.S. 369, 2 L. Ed. 2d 848, 78 S. Ct. 819, where an active government informer who faced pending charges induced the defendant to sell him drugs. Although the government had not asked the past informer to solicit a sale of drugs from the defendant, the court held the government could not disassociate itself from its past informer. Here, however, Odein had never acted as an informant or agent of the police before this time and there was no prior agreement that Odein would receive sentencing leniency in exchange for inducing defendant to sell the drug.

*United States v. Comi* (4th Cir. 1964), 336 F.2d 856 (entrapper did not know he was negotiating with an agent for the Internal Revenue Service) and *United States v. Garcia* (5th Cir. 1977), 546 F.2d 613 (citizen was specifically told he would not be used in a government drug operation), cited by defendant, consider circumstances in which the entrapper clearly could not be labeled a government agent, and thus do not aid us in our present inquiry. Although two other cases offered by defendant, *United States v. Martinez-Carcano* (2d Cir. 1977), 557 F.2d 966 (inmate informed United States Attorney of another inmate's plan to aid her escape) and *Beasley v. State* (Okla. 1955), 282 P.2d 249 (citizen informed police of planned extortion payoff), do state in dicta that one who fully informs a government official of a future criminal act and then proceeds to aid in furthering the crime's commission at the request of the government is a government agent, other Federal circuit courts have declined to recognize the entrapment defense when the entrapper is a private party and not a police agent. See, *e.g., United States v. Burkley* (D.C. Cir. 1978), 591 F.2d

093, 911, *cert. denied* (1979), 440 U.S. 966, 59 L. Ed. 2d 782, 99 S. Ct. 1516; *United States v. Perl* (4th Cir. 1978), 584 F.2d 1316, 1321, *cert. denied* (1979), 439 U.S. 1130, 59 L. Ed. 2d 92, 99 S. Ct. 1050.

In any event, the facts of this case clearly demonstrate Odein did not act as a government agent. Officer Oliver did not solicit Odein to arrange the transaction with defendant, but merely asked Odein, who had called the officer, to contact him again if he could substantiate his information and wished to introduce Oliver to the drug dealer. They had never met prior to this time. Officer Oliver was not aware Odein was urging defendant to sell cocaine and did not learn that Odein was being prosecuted for other offenses until after the first transaction with defendant. From that point on Oliver dealt directly with defendant, who appeared eager to continue selling him drugs. Insofar as Oliver knew, Odein acted merely as an initial means of introduction to defendant and did not contribute further to defendant's arrest. Accordingly, we cannot say Odein acted as an agent for the government and conclude that the trial court correctly rejected the defense of entrapment.

■ Defendant's final contention is that the trial court erred in finding that the fine imposed of $11,257, based upon the street value of the cocaine delivered by defendant, was mandatory pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1). Defendant initially asserts the court erred in considering it was bound by section 5—9—1.1 to impose the fine, inasmuch as section 411.1 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1411.1) places the imposition of a fine within the discretion of the court.

Our recent decision in *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 485 N.E.2d 513, considered and rejected this argument and is not distinguishable. In *Moffitt*, we noted that the discretionary fine provision was enacted in the same Public Act (Pub. Act 83—778) which adopted section 5—9—1.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.2). The latter section provides for the disposition of fine revenues collected pursuant to the Code's mandatory fine provision (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1), and this court concluded the legislature could not have intended to repeal the mandatory fine provision by enacting the discretionary fine provision. *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 118, 485 N.E.2d 513.

In her reply brief, defendant concedes this point, but suggests the section providing for the disposition of fine revenues was meant to apply only to fines already collected under the mandatory fine provi-

sion (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1) or to fines for offenses committed before the date the discretionary fine provision (Ill. Rev. Stat. 1985, ch. 56½, par. 1411.1) was enacted. However, the legislative history of section 411.1 (adopted by the Senate as House Bill 321) conclusively shows that the provisions are to be applied conjunctively (see 83d Ill. Gen. Assem., Senate Proceedings, June 26, 1983, at 90, June 27, 1983, at 267-68), and we find that the discretionary fine provision was not intended to repeal the mandatory fine provision. See also *People v. Seidel* (1985), 138 Ill. App. 3d 616, 620-21, 485 N.E.2d 1330.

■ Defendant also argues that these provisions violate her due process rights by making it unclear what punishment will be exacted for her offense. However, the legislative history of the provisions demonstrates the mandatory fine is to be first imposed and then a discretionary fine may be levied by the court. (*People v. Seidel* (1985), 138 Ill. App. 3d 616, 620-21, 485 N.E.2d 1330; *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 117-18, 485 N.E.2d 513.) This renders the statutory scheme no more uncertain than any other decision involving the court's discretion, and defendant's due process rights were thus not threatened by these provisions.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.