THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
THOMAS B. FRAME, Defendant-Appellee.

Fifth District   No. 5—85—0700

Opinion filed February 5, 1988.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Louis P. Johnson, of Metropolis, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Thomas Frame, was charged in the circuit court of Saline County with driving while under the influence of intoxicating liquor (DUI), illegal transportation of alcoholic liquor (illegal transportation), and possession of less than 2.5 grams of cannabis. On the date set for trial, defendant filed a petition for discharge, claiming his speedy trial rights had been violated. The circuit court granted the petition and dismissed all three charges. The State appeals.

The record reveals that on November 24, 1984, Trooper C. R. Fulkerson charged defendant with DUI, illegal transportation, and possession of cannabis. Each offense was charged on a separate Illinois citation and complaint form which bore the word "complaint" in bold red letters. The tickets, or complaints, designated December 17, 1984, as the date upon which defendant was to appear in court if he intended to plead guilty to the charges. The complaints indicate that defendant was unable to post bond and was transported to the Saline County jail for confinement.

The complaints were filed with the Saline County circuit clerk on November 26, 1984. They were placed in small, manila jackets such as are commonly used for traffic citations. Each jacket indicates that defendant entered a plea of not guilty on November 26, 1984. Bond was set at $1,500 for the DUI, $500 for illegal transportation, and $1,000 for possession of cannabis. Each case was assigned a docket number indicating that it was a traffic offense.

On November 27, 1984, Louis Johnson entered his appearance on behalf of defendant by filing an "Appearance and Demand" pertaining to the three charges at issue here (circuit court Nos. 84—TR—3179, 3180, 3181) and an apparently unrelated felony charge (No. 84—CF—46). The document purported to initiate "a continuing demand for a speedy trial *** to continue should the accused *** become, 'on bail'." In addition, the "Appearance and Demand" requested an order or ruling on defendant's "Motion for Discovery and Procedure" (apparently defendant's demand to produce) in the event the State failed to answer within a reasonable time. It also requested an evidentiary hearing for "bail relief."

Simultaneously, defendant filed a motion to suppress arrest, a motion to suppress confession, a motion to suppress evidence, and a "demand to produce." The three motions to suppress bore docket number 84—TR—3179 (DUI). The demand to produce bore the docket numbers of all three cases.

The demand to produce sought the following from the prosecution: (1) a copy of any written statement, admission or confession the

defendant may have made, together with a list of all witnesses thereto; (2) a written description of the substance of any material oral statements, admissions or confessions made by the defendant, together with an exact list of witnesses identifying persons present when the statement was made and a "particularization" of the time and place of the statement; (3) a list, and an offer for inspection, of all physical evidence in the State's possession and control; and (4) a list of occurrence or material witnesses known to the State.

The next entry in the record is a notation that defendant posted $300 cash bail on March 21, 1985, the 118th day of his incarceration.

The record is again silent until July 31, 1985, when the State filed an answer to defendant's "motion for discovery" (defendant's demand to produce). The State listed two witnesses, attached a four-page police report, and noted that physical evidence would be available for inspection at the State's Attorney's office. Also on July 31, defendant filed a petition for discharge, claiming that his speedy trial rights had been violated. Defendant argued that he had not been brought to trial within 160 days of his speedy trial demand as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)).

On August 14, 1985, defendant submitted a memorandum of law in support of his position. In particular, defendant contended that the motions to suppress which he had filed in the DUI case did not in fact delay the trial and did not, therefore, interrupt the running of the speedy trial term. Relying in part on the rationale of *People v. Perkins* (1980), 90 Ill. App. 3d 975, 414 N.E.2d 110, defendant argued that the State's failure to provide discovery precluded him from pursuing his motions.

The State filed a response to defendant's petition for discharge. The State asked the circuit court to take judicial notice of a felony case pending against the defendant, claiming that delay attributable to defendant in that case caused delay in the cases now before us on appeal. The State appended to its response numerous cases relating to speedy trial issues; however, it did not discuss those cases in the body of its response. The State argued that dismissal of the charges was not the proper remedy for violation of defendant's speedy trial rights. The State contended the only remedy mandated by statute was release from custody, or in the case of a person not in custody, release from the obligations of bail or recognizance.

The circuit court, on August 21, 1985, dismissed the three charges against defendant. The court noted that defendant's motions had been filed three days after his arrest, that the State had not responded to

defendant's motion to produce until the date set for trial, and that 246 days had passed between the demand for speedy trial and the trial setting. The court stated that it could not "find delay in fact occasioned by the defendant, certainly not 86 days."

On appeal, the State contends that the circuit court abused its discretion when it dismissed the charges against the defendant. Specifically, the State argues that (1) defendant's written demand for speedy trial contained a defective proof of service and was therefore insufficient to trigger the running of the speedy trial term; (2) defendant's demand for speedy trial was made while he was still in custody and was therefore inoperative unless renewed after his release on bail; and (3) defendant's failure to call his motions for hearing and disposition caused delay attributable to him and he was therefore not entitled to discharge. We address these arguments in the order of their presentation.

■ The State initially contends that the speedy trial demand filed by defendant was insufficient to trigger the running of the speedy trial term because it contained a defective proof of service and was, therefore, inadequate for purposes of demonstrating notice to the State. The proof of service stated that a copy of the demand was mailed to the "attorneys of record *** at their business address as disclosed by the pleadings of record." The State argues that the pleadings at that time contained no business addresses; therefore, defendant failed to show that the State was notified of his demand.

The State's argument is meritless. The State's Attorney's address is the Saline County courthouse. That address need not have been disclosed in the pleadings for defense counsel to have been aware of it. The State's argument is made possible only because defense counsel used a stamp-type proof of service which, in this case, did not literally conform to the facts of record. We find the discrepancy to be trivial.

There is no reason to believe that defense counsel failed to mail a copy of the demand to the State's Attorney as indicated in the proof of service. Certainly if the State had failed to receive a copy of the demand it would have so argued in its response to defendant's petition for discharge. The State's failure to argue insufficient notice not only indicates that it did in fact receive a copy of the speedy trial demand, but also constitutes waiver of the issue for purposes of appeal. A nonjurisdictional question which has not been properly presented in the trial court, and thereby preserved for review, will not be considered on appeal. *People v. Dale* (1986), 112 Ill. 2d 460, 493 N.E.2d 1060.

■ We next address the State's argument that defendant's in-

custody demand for speedy trial became inoperative once he was released on bail. The State argues that in order to preserve his right to a speedy trial defendant had to file another demand after he was released on bail. In support of its position, the State points to *People v. Byrn* (1971), 3 Ill. App. 3d 362, 274 N.E.2d 186, and *People v. Adams* (1982), 106 Ill. App. 3d 467, 435 N.E.2d 1203.

*Byrn* and *Adams* represent a line of cases holding that a speedy trial demand by a defendant in custody is ineffective for purposes of triggering the 160-day rule. We note that another line of authority holds that a speedy trial demand made shortly before a defendant's release on bail is effective to start the 160-day term running. *People v. Arch* (1975), 33 Ill. App. 3d 331, 337 N.E.2d 221; *People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260.

It would appear that the *Byrn* and *Adams* line of authority would allow the State nearly 260 days to try a defendant where, as here, he demands a speedy trial shortly after he is arrested and then, perhaps ill-advisedly, posts bail three days before the 120-day speedy trial term expires. A defendant on bail must be tried within 160 days from the date on which he demands trial. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) We do not interpret this section to mean that defendant must be on bail when he makes his demand.

In any event, we need not address the apparent split of authority in the case law because the facts of this case make it unnecessary to do so. The demand for speedy trial which defendant filed in this case was a continuing one, specifically directed to the possibility that defendant might be released on bail at a future date. The wording of the demand put the State on notice that defendant demanded a speedy trial in the event of his release from custody prior to trial. Given the facts of this case, requiring another demand after defendant's release on bail would not serve the purpose of the statute. On the contrary, it would allow the State to avoid its statutory obligation to give defendant a speedy trial. We hold defendant's speedy trial demand was effective for purposes of invoking the 160-day speedy trial term.

■ The State's final contention is that pretrial motions filed by defendant resulted in delay attributable to defendant; hence, the speedy trial term had not expired and defendant's rights were not violated. In order to address the State's argument, we must be specific as to the type of motion involved and the case to which it pertains.

We view each of the complaints filed by Trooper Fulkerson as a separate criminal prosecution. Each was a "complaint" within the meaning of section 111—2(b) of the Code of Criminal Procedure of

1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—2(b)) (see *People v. Pankey* (1983), 94 Ill. 2d 12, 445 N.E.2d 284). The offenses involved could have been joined in a single prosecution because each formed a part of the same comprehensive transaction (Ill. Rev. Stat. 1985, ch. 38, par. 111—4(a); *People v. Harris* (1986), 147 Ill. App. 3d 891, 498 N.E.2d 621) and they probably should have been joined because the charges were based on the same act, *i.e.*, simultaneous operation of and control over the vehicle. (Ill. Rev. Stat. 1985, ch. 38, par. 3—3(b); *People v. Davis* (1982), 104 Ill. App. 3d 120, 432 N.E.2d 947; *People v. Baker* (1979), 77 Ill. App. 3d 943, 397 N.E.2d 164.) Nevertheless, it does not appear from the record that the State joined the charges in a single prosecution. This could have been accomplished by filing a verified complaint or information, or simply moving for joinder of the causes. Barring joinder, each complaint constitutes a separate prosecution. Therefore, a motion filed in one case would not necessarily delay trial of the other cases.

■ Suppression motions were not filed in defendant's illegal transportation and possession of cannabis cases. However, defendant's motion to produce and his request for an evidentiary hearing on the issue of bail relief did bear the docket numbers of those two charges. We will address what effect, if any, defendant's motion and request had on his right to a speedy trial.

Defendant had been incarcerated 118 days before he posted bail and was released. No formal motion was ever filed for bail reduction. It cannot be said that defendant's request delayed the trial of this case, and the State does not argue that it did. Bail is a matter collateral to the trial of a case and is certainly not an obstacle to prosecution. While motions to suppress may present evidentiary questions which would impede progress toward trial if not resolved, the same cannot be said of matters pertaining to bail.

■ While motions for discovery can, under certain circumstances, occasion delay attributable to defendant for speedy trial purposes, not every discovery motion filed by an accused will constitute delay attributable to him (*People v. Nunnery* (1973), 54 Ill. 2d 372, 297 N.E.2d 129). A discovery motion which the State could answer quickly would cause little or no delay. Whether a motion falls into the category of one which would cause little delay or much delay calls for the trial court's appraisal of the motion, its need, timeliness, complexity, and the availability of the required information (*People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597). The circuit court's decision as to accountability for delay caused by a motion for discovery should be sustained unless it is clearly shown that the court's discretion was

abused. *Thomas*, 25 Ill. App. 3d 88, 322 N.E.2d 597.

We agree with the circuit court's determination that defendant's motion to produce did not cause substantial delay. Defendant's motion was filed shortly after defendant's arrest and did not request a hearing. The motion could have been answered quickly judging from the information produced by the prosecution. When the State finally did provide discovery, eight months after defendant's request, it gave defendant an opportunity to inspect physical evidence, the names and addresses of two occurrence witnesses and a four-page police report. Compliance with defendant's request for discovery could not have caused the lengthy delay at issue in this case. Therefore, with respect to the illegal transportation and possession of cannabis charges, we affirm the circuit court's dismissal.

■ We cannot agree with the circuit court's dismissal of the DUI charge. In that case, defendant had filed a motion to suppress arrest, a motion to suppress confession, and a motion to suppress evidence. Defendant never called the motions for a hearing. They were still pending when the court dismissed the charges against him. We believe the circuit court misapprehended the effect these motions had on defendant's speedy trial rights.

Delay caused by a defendant's motion to suppress is ordinarily chargeable to the defendant (*People v. Jones* (1984), 104 Ill. 2d 268, 472 N.E.2d 455; *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776). A defendant has the primary obligation of calling up his motions for hearing and disposition (*Jones*, 104 Ill. 2d 268, 472 N.E.2d 455; *People v. Terry* (1975), 61 Ill. 2d 593, 338 N.E.2d 162).

In *People v. Ross* (1971), 132 Ill. App. 2d 1095, 271 N.E.2d 100, the defendant, while free on bond, filed a pretrial discovery motion and a motion to suppress evidence. Neither the defendant nor the State called the motions for hearing. No action was taken in the case until the chief judge set the case for trial on his own motion six months after the motions had been filed. The defendant then moved for discharge, claiming his right to a speedy trial had been denied. The circuit court granted the motion. The appellate court reversed the circuit court, holding that the burden was upon the defendant to request a hearing on his motions and his failure to request a hearing caused delay attributable to him. See also *People v. Holliday* (1983), 115 Ill. App. 3d 141, 450 N.E.2d 355; *People v. Wilson* (1974), 19 Ill. App. 3d 466, 311 N.E.2d 759.

We find the rationale of *Ross* applicable to defendant's motions to suppress. Hearings were requested therein and the motions addressed evidentiary concerns which required resolution prior to the commence-

ment of trial. It was defendant's responsibility to either call the motions up for hearing or in some way indicate that he was abandoning them.

Defendant argued in the circuit court that the State's failure to complete discovery precluded him from pursuing his motions. To support his contention he relied upon *People v. Perkins* (1980), 90 Ill. App. 3d 975, 414 N.E.2d 110. Defendant does not cite *Perkins* on appeal or argue its applicability in his brief.

Without belaboring the lengthy chain of events in the circuit court which gave rise to the appellate court's decision in *Perkins*, suffice it to say that both the State and defendant believed that discovery had been completed when, two or three days prior to the expiration of the speedy trial term, the State for the first time disclosed the existence of an inculpatory statement which defendant had allegedly made to the police. Defense counsel was forced to file a motion to suppress on the last day of the term. Further inquiry revealed that the late disclosure by the State was caused by the State's lack of preparation for trial. The appellate court ordered defendant's convictions vacated and defendant discharged. We believe *Perkins* should be confined to its facts.

In the case before us, defendant's motions to suppress were filed at the beginning of the speedy trial term, simultaneously with his motion to produce. Defendant was not under the impression that discovery had been completed—he knew it had not been completed. He did not receive an answer to his request for discovery for eight months. While the State must surely bear some of the blame for failing to answer defendant's request for discovery promptly, defendant is not entirely blameless in this matter. If he needed the information he sought in discovery in order to pursue his motions to suppress, he should have taken steps to compel discovery utilizing statutory procedures provided in Supreme Court Rule 415 (107 Ill. 2d R. 415). (See *People v. Boyd* (1980), 88 Ill. App. 3d 825, 410 N.E.2d 931.) Had the prosecution been ordered by the court to comply with defendant's motion to produce, we might take a different view of defendant's failure to call his motions for hearing. (See *People v. Terry* (1975), 61 Ill. 2d. 593, 338 N.E.2d 162.) The fact that a delay is, in part, caused by the defendant is sufficient to toll the statutory speedy trial term. (*People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341.) Defendant's motions to suppress tolled the statutory term.

We note in passing that defendant-appellee argued on appeal that Supreme Court Rules 504 and 505 (107 Ill. 2d Rules 504, 505) apply to the three charged offenses and he was, therefore, entitled to expe-

594

dited trial pursuant to those provisions. Given our disposition of this case, there is no need to address the applicability of Rules 504 and 505. Defendant's motions to suppress occasioned delay in any event.

For the reasons stated, the judgment of the circuit court of Saline County is affirmed with respect to the illegal transportation and possession of cannabis charges and reversed with respect to the charge of driving while under the influence of intoxicating liquor.

Affirmed in part; reversed in part and remanded.

HARRISON, P.J., and KARNS, J., concur.