THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILBUR HENDRICKSON, Defendant-Appellant.
Fourth District    No. 4—88—0487

Opinion filed December 30, 1988.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

John Robinson, State's Attorney, of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

The circuit court of Moultrie County found defendant Wilbur Hendrickson guilty of the offense of unlawful possession of cannabis, in violation of section 4(e) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e)). On June 3, 1988, the court sentenced him to 18 months' probation and imposed a fine in the amount of $2,594.50 pursuant to section 5—9—1.1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1). Defendant appeals from his conviction and sentence, and we affirm.

This appeal involves an examination of two separate but similar statutory provisions which provide for the imposition of a "street value" penalty on persons found guilty of drug-related offenses. Section 5—9—1.1 of the Code states:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance as defined in the Cannabis Control Act, as amended, or the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1.)

Similarly, section 10.1 of the Act provides:

"(a) Whenever any person pleads guilty to, is found guilty of or is placed on supervision for an offense under this Act, a fine may be levied in addition to any other penalty imposed by the court.

(b) In determining whether to impose a fine under this Section and the amount, time for payment and method of payment of any fine so imposed, the court shall [consider certain factors enumerated in this subsection.]" (Ill. Rev. Stat. 1985, ch. 56½, par. 710.1.)

At sentencing, the State contended that section 5—9—1.1 of the Code required the imposition of a fine in the amount of the street value of the cannabis involved. The defense maintained section 10.1 of the Act controlled and permitted the court discretion as to whether to impose a fine and as to the amount, if a fine was imposed. The trial court noted the difficulty the defendant would have in paying a fine in the amount of the street value but properly concluded it should follow the precedent of the Appellate Court for the Second District in *People v. Gorski* (1986), 144 Ill. App. 3d 284, 494 N.E.2d 246, *appeal denied* (1986), 112 Ill. 2d 584, and *People v. Mof-*

*fitt* (1985), 138 Ill. App. 3d 106, 485 N.E.2d 513, *appeal denied* (1986), 111 Ill. 2d 576, and that of the Appellate Court for the Third District in *People v. Seidel* (1985), 138 Ill. App. 3d 616, 485 N.E.2d 1330, which held the imposition of a fine in the full amount of the street value of the cannabis was mandatory under the Code. A fine was then imposed in such an amount.

. On appeal, defendant contests the fine. He asserts the fine should be vacated because (1) the penalty authorized by the Code must yield to the penalty provision located in the Act because the latter legislation is more lenient, more specific and more recent; (2) the two statutory provisions cannot be reconciled and applied without resulting in double enhancement; and (3) the two statutory provisions are unconstitutionally vague. We affirm.

■ The opinions in *Gorski*, *Moffitt*, and *Seidel* make clear that the legislative history of the enactment of section 10.1 of the Act shows the General Assembly had no intention of supplementing the mandatory requirement of section 5—9—1.1 of the Code. Those reasons need not be repeated here. (See *Gorski*, 144 Ill. App. 3d at 289-90, 494 N.E.2d at 250; *Moffitt*, 138 Ill. App. 3d at 117-18, 485 N.E.2d at 521-22; *Seidel*, 138 Ill. App. 3d at 620-21, 485 N.E.2d at 1333-34.) We adopt the analysis of those courts even though some rules of construction cited by defendant might indicate a different statutory construction.

■ Defendant's theory that the only interpretation which can be given to the two sections is one permitting double enhancement is a theory which was not raised in the cited cases. The theory of the cited cases is that the two provisions can be reconciled by interpreting section 10.1 of the Act to permit the imposition of fines over and above those required by section 5—9—1.1 of the Code. Defendant's contention is that additional punishment imposed over and above that imposed under section 5—9—1.1 of the Code constitutes a double enhancement. (See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) As no fine in excess of that mandated by section 5—9—1.1 of the Code was imposed here, no double enhancement could have occurred. In any event, not only is the double enhancement theory being raised for the first time in this case, it is being raised for the first time on appeal. Because of the lack of any possibility of double enhancement here, clearly no plain error occurred. The issue is waived.

■ Defendant's final contention that the two sections are unconstitutionally vague is also raised for the first time on appeal. In *People v. Dale* (1986), 112 Ill. 2d 460, 493 N.E.2d 1060, the supreme

court expressly rejected a similar claim of unconstitutional vagueness of legislation when not raised in the trial court. We hold that this issue was also waived here.

We affirm for the reasons stated.

Affirmed.

KNECHT and SPITZ, JJ., concur.